### JOHNSON, use of STONE v. ENGLISH.

1. Endorser of a note cannot maintain an action against the maker,
for the use of the endorsee, his endorsement appearing on the note.
2. In such case, the presumption that the endorsee has no interest in
the note is rebutted and destroyed.

WILLIAM JOHNSON, for the use of Thomas Stone, sued
Joshua English in the Circuit Court of Dallas county, in
assumpsit, on a promissory note made by English to
Johnson. The note was produced with the following
endorsement: " I assign the within note to Thomas
Stone, value received, December 1st, 1823. William
Johnson." The plaintiff took a bill of exceptions at the
trial, which was sealed by Judge Saffold, then presiding,
shewing that the said note, so endorsed, was offered to
be read to the jury : to which the defendant's counsel ob-
jected, on the ground that the endorsement shewed the
interest to be in Thomas Stone, and the plaintiff refused
to strike it out. No other evidence was offered by either
party. The Court refused to permit the note to be read
to the jury. The plaintiff took a nonsuit, and brought
the case to this Court to revise said decision and assigned
the same as error.

HITCHCOCK, for the plaintiff.

The Supreme Court of the United States have de-
cided, [a] that when a note comes back into the possession <span>a 3 Wheat. R.182,</span>
of an endorser, he may maintain an action on it without
striking out the endorsement. A writ of error will lie
on a judgement of nonsuit when costs are allowed.

PICKENS, for defendant.

JUDGE TAYLOR delivered the opinion of the Court. <span>b Pitts vs. Keyser</span>
By a former decision of this Court [b] it was determined <span>& Keyser, ante.
154.</span>

22

JANUARY 1827.
Johnson, use of Stone.
v.
English.
that the holder of an instrument of this kind would be presumed to be the owner until the contrary appeared. Here the contrary does appear by the acknowledgement of the plaintiff in instituting the suit for the use of the endorsee. The judgement must be affirmed.

## By JUDGE CRENSHAW.

By the common law, a chose in action could not be assigned so as to authorize the assignee to maintain an action at law in his own name; but the assignment operated as an authority for the assignee to sue for and recover the money in the name of the payee or obligor. The act of 1812, [a] which authorizes the assignee to sue in his own name, does not in this respect materially alter the common law. It still leaves the assignee at liberty to proceed as at common law in the name of the payee or obligee. But without recurring to the common law, I hold that the plaintiff was not bound to strike out the endorsement, and thereby lose the security of the endorser, in order to get the note as evidence before the jury. I am unable to learn how the striking out of an endorsement, or the alteration of an instrument of writing, could make it better and more competent evidence than it was before. If it could be stricken out, and thereby rendered admissible, the Court should have considered that as done which ought to have been done. We also have a statute which authorizes an action to be brought in the name of one person for the use of another, [b] and another statute which makes the person for whose use it is brought liable for costs. [c] If the endorsee, suing in the name of the payee for his own use, does not come within the provision of these statutes, I do not well know for what kind of case they were intended to provide. When the record shews that the action was brought for the use of the endorsee, as far as relates to the admissibility of this testimony, it is the same as if the action had been brought in his own name. In either case, a recovery would bar a second action against the defendant who was the maker of the note.

I am also of opinion that a writ of error lies from a judgement of nonsuit; for as to that action, the judgement is final and carries costs.

In the case of Dugan against the United States, [d] the Court expressly lays down the law to be, "that if any per-

a Laws Ala. 69.

b Laws Ala. 70.

c Acts of 1824, p. 12.

d 3 Wheat. R. 182.

son endorses a bill of exchange to another, whether for value or for the purpose of collection, and shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as proprietor; and shall recover, notwithstanding 'here may be one or more endorsements in full, and whose names he may strike from the bill or not, as he may think proper. This authority applies directly to the present case, and shews that though the action is brought in the name of Johnson, (not material for whose use,) Johnson shall be considered the legal proprietor, and may maintain the action, without striking out his endorsement to Stone.

To consider the questions on any ground, I think the evidence was admissible, without striking out the endorsement; and that, therefore, the judgement should be reversed and the cause remanded. Judgement affirmed.

JUDGE SAFFOLD not sitting.