## HUNT, USE, &c. v. STEWART.

1. Where a suit is brought in the name of the payee of a promissory note, for the use of a third person, to whom it appears to have been regularly indorsed, the form of the action is an acknowledgment that the indorsee is the proprietor of the paper, and the suit cannot be supported by the payee.

2. It will be intended that the payee and indorsee of a promissory note is the same person, where the only difference in the names, is, the insertion of the initial of a middle name in the indorsement.

3. It was decided in this State, at an early day, and such has been the continuous practice, that the Court cannot order the plaintiff to be nonsuit against his consent, and whenever he submits his case to a jury he must be understood to insist upon a verdict: it is consequently erroneous to coerce a nonsuit, though the plaintiff's proof may have been insufficient, and he has not been prejudiced thereby.

Writ of error to the County Court of Coosa.

THIS was an action of assumpsit, at the suit of the plaintiff in error, on a promissory note. The cause was tried on the plea of non-assumpsit, payment and set off. On the trial, the plaintiff excepted to the ruling of the Court. It is shown by the bill of exceptions, that the plaintiff offered in evidence a note of the following tenor, viz: " One day after date, I promise to pay Irvine Hunt, two hundred and fifteen dollars, this 21st of March, 1842.          RICHARD STEWART."

On which is the following indorsement—" Mr. Richard Stewart, you will please pay the within note to James R. Powell. October 8, 1842.          IRVINE P. HUNT."

The defendant objected to the admissibility of the note, be-
cause it appeared by the indorsement that the nominal plain-
tiff, Hunt, was not the legal proprietor thereof; which objec-
tion was sustained, and the note excluded from the jury. The
plaintiff then proposed that the indorsement should be consid-
ered as stricken out, and then moved to permit him to strike it
out, and thus in one form or other make the note evidence un-
der the declaration; but both these propositions were overruled
by the Court. No evidence was adduced, that the party for
whose use the suit was brought, was prosecuting the suit,
though the defendants so insisted, and the plaintiff's counsel
conceded the fact. The judgment entry recites, that the plain-
tiff having failed to maintain his action a nonsuit was ordered,
and a judgment was rendered against the plaintiff for costs.

W. W. MORRIS, for the plaintiff in error, insisted that it could
not be intended that the person who appeared as the indorser
of the note, was also its payee; especially as there was a dif-
ference in the names. The indorsement should have been al-
lowed to be stricken out and the note read to the jury. [Chitty
on Bills, 256, notes I. and 1.] The nominal plaintiff should be
presumed to be the proprietor. Besides all this the plaintiff
should not have been nonsuited, but the jury should have re-
turned a verdict.

S. P. STORRS, for the defendant. The indorsement of the
note passed the legal interest to the indorsee, (Clay's Dig. 381,
§ 6,) and suit thereon should have been brought in his name.
[Chitty on Bills, 9 Am. ed. 256-7.] So long as the indorse-
ment remains on the note, the payee cannot sue on it in his
own name. [Welch v. Lindo, 7 Cranch, 159.] And it is not
allowable to strike out an indorsement after a cause is called
for trial. [Bowie v. Duvall, 1 G. & Johns. Rep. 175.]

COLLIER, C. J.—In Pitts v. Keyser, 1 Stewt. Rep. 182,
the plaintiff declared on a promissory note on which he was
the payee, but on adducing it as evidence to the jury, it appear-
ed that he had made an indorsement thereon in full, to a third
person. The defendant objected that the right of action was
in the indorsee, but the Court refused thus to instruct the jury.
This Court affirmed the judgment, saying that it would be pre-

sumed that the property in the paper was in the payee, although it had been indorsed to another person; that it would be intended that the indorsement was made to facilitate the collection, or some such purpose, and the note had been returned without the object being effected. But this presumption, like all others, might be rebutted by proof, and if it should be made to appear by evidence, that the property was really in the indorsee, the plaintiff could not recover. In Johnson, use of Stone, v. English, Id. 169, the Court cite with approbation its previous decision, and say, that if the payee bring an action in his own name on paper indorsed by him, for the use of the indorsee, the form in which the suit is brought is an acknowledgment that the latter is the proprietor of the note, and shows that the indorser cannot sue for the recovery of the money due thereon. [See also Dugan v. The U. S. 3 Wheat. Rep. 182; Welch v. Lindo, 7 Cranch's Rep. 159; Burdick v. Green, 15 Johns. Rep. 247; Hartwell v. McBeth, 1 Har. Rep. 363; Perkins v. Catlin, 11 Conn. Rep. 213; U. S. v. Barker, Paine's Rep. 156; Picquet v. Curtis, 1 Sumner's Rep. 480; 1 Dall. Rep. 193; 2 Id. 147; 1 Yeates' Rep. 99; 4 Johns. Rep. 31; Bowie, use of Ladd, v. Duvall, 1 G. & Johns. Rep. 175.]

But it is insisted by the plaintiff that the indorsement purports to be made by Irvine P. Hunt, and the payee has no middle name. We think it must be intended that an indorsement on a bill, purporting to transfer it, is *prima facie* genuine. [Blair v. Pollock, 6 Litt. Rep. 208.] The fact that the plaintiff's name appears in the body of the note, as well as in the writ and declaration without the initial P. cannot be allowed to control the rule, which maintains that the insertion or omission of a middle name, is not a misnomer. If the payee and indorser are different persons it was easy to have shown it, and it was incumbent upon the plaintiff to countervail the presumption that such was the fact, by evidence. The suit then being brought in the payee's name, (as we must suppose,) for the use of the indorsee, cannot be supported.

It was certainly an unusual practice for the Court to have ordered a nonsuit after the cause was put to the jury; if the evidence was insufficient to entitle the plaintiff to recover, the verdict should have been against him. The bill of exceptions sets out all the proof adduced by the plaintiff, without stating

that he had other testimony in reserve. It is clear from what has been already said, that he failed to make out his case, and the Court would have been authorized to instruct the jury to find against him ; and the jury could not without a disregard or a misapprehension of duty, have refused to do so. This being the case, the plaintiff is not prejudiced, and if the point was *res integra,* we might be inclined to consider the nonsuit as a mere irregularity, which will not avail on error ; but it was holden by our predecessors at a very early day, that it was not allowable for a Court unless directed by statute to order the plaintiff to be nonsuit. They say, " if the plaintiff refuses to submit to a nonsuit, and insists that the jury shall render a verdict, the Court has no power to direct a nonsuit, and cannot enforce its opinion otherwise than by instructions to the jury, and by awarding a new trial, if the verdict be contrary to the charge." [Smith, Adm'r, v. Seaton, Minor's Rep. 75.] The plaintiff insists upon a verdict whenever he puts his case to a jury, and does not consent to a withdrawal. Upon the authority of the case last cited, the judgment is reversed and the cause remanded.