## LEAIRD *vs.* MOORE.

[ACTION ON PROMISSORY NOTE—CONSTRUCTION OF STATUTE OF AMENDMENTS, CODE, § 2403.]

1. *Sole plaintiff's name cannot be stricken out and that of another substituted.*—Under the statute authorizing amendments of the complaint (Code, § 2403) " by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant," the court cannot allow the name of a sole plaintiff to be stricken out and that of another person to be substituted.

APPEAL from the Circuit Court of Barbour.

The record does not show the name of the presiding judge.

THIS was an action under the Code on a promissory note for $210, executed by the defendant, Lewis J. Leaird, and

payable to William Smitha, or bearer. The original complaint was in the name of J. C. Wellborn as plaintiff, and it was averred that the note was his property ; but at the Spring term, 1854, after the cause had been pending one year, his death was suggested, and Mary A. Wellborn, as his executrix, was made a party plaintiff ; and at the same term another order was made in the cause, as follows : "Upon motion of Kelly Moore, the complaint is amended in this case, by adding the said Kelly Moore as a new party plaintiff, and also amended by striking out the plaintiff, Mary A. Wellborn, executrix ; and the defendant, by his attorney, excepts to the ruling of the court.'

"The action of the court in permitting a change of parties plaintiff," is now assigned for error.

E. C. Bullock, for the appellant, contended that the statute authorizing amendments of the complaint (Code, § 2403), being in derogation of the common law and the long established principles of pleading, must be strictly construed ; that its object, as evident from the language used, was to provide a remedy for the nonjoinder and misjoinder of parties, and it ought not to be extended by construction to the substitution of one party for another ; that if the amendment in this case was made by first adding the name of Moore, it was erroneous as a misjoinder of parties, and if it was made by first striking out the name of Mrs. Wellborn, there was nothing left to which the name of Moore could be added, and no case in court.

Lewis L. Cato, contra, insisted that the statute must receive such a construction as would effectuate its object, which was (as he contended) to prevent cases from being thrown out of court for want of proper parties, or because improper parties had been made ; that the court had the power to allow separate amendments, by first adding Moore's name, and then striking out Mrs. Wellborn's, and there could be no objection to allowing the two amendments at one and the same time, and under the same motion ; and that the word "add", as used in the statute, did not refer to the party named in the complaint, but to the complaint itself.

GOLDTHWAITE, J.—By the Code (section 2403) the courts are required to permit the complaint to be amended, "by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, upon such terms and conditions as the justice of the case may require." The only question is, whether, under this section, the sole plaintiff can be struck from the record, and another person substituted in his place. Judging from its language, we think the object of the statute was, to cure defects arising from a nonjoinder or misjoinder, without turning the case out of court. The words do not naturally go further than this; and they should do so, before we would be authorized to allow a change so radical to be made by amendment. The statute is in derogation of the common law; and if the sole plaintiff is struck out, there are no parties, and, consequently, no case. If we were fully satisfied that it was the intention of the statute to go so far, the words might, perhaps, authorize us to give effect to that intention; but we could not do so without going beyond their plain and literal meaning; and we think it is better to adhere to the plain meaning of the words, unless such a construction leads clearly to a wrong result. It is impossible for us to say that the legislature, when it used the words "adding new parties," meant substituting a different party altogether; and if the latter was intended, it is better that the alteration should be made by the legislature, than that the judges, by construction, should run the risk of extending the statute to cases which it is at least very doubtful whether it was intended to reach.

Judgment reversed, and cause remanded.