STODDER *vs.* GRANT & NICKELS, use, &c.

[TROVER FOR CONVERSION OF CERTAIN BOXES OF TOBACCO.]

1. *Exhibits to bill of exceptions must be identified by reference.*—Letters copied into the transcript as exhibits, but not made part of the record by appropriate reference in the bill of exceptions, cannot be considered as any part of the record.

2. *Amendment of complaint by change of plaintiffs.*—Where an action of trover is brought in the name of the assignor, for the use of the assignee for the benefit of creditors, and the evidence shows that the conversion took place after the assignment, the complaint cannot be amended so as to authorize a recovery.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

This action was brought by Grant & Nickels, late partners, suing for the use of John D. Hutchinson, against David Stodder, to recover damages for the conversion of eighty boxes of tobacco. The defendant pleaded, 1st, the general issue; 2d, a special plea to which a demurrer was sustained, and which it is unnecessary to notice; 3d, "that defendant is a general factor and commission merchant in Mobile, and said Grant & Nickels were merchants residing in Montgomery, and employed defendant as their factor and commission merchant to attend to their business in Mobile; that in the course of their business, before the said tobacco was received by defendant, said Grant & Nickels became indebted to defendant in a large sum, to-wit, the sum of $2,500, for moneys advanced, &c., and being so indebted, to-wit, on the 1st January, 1854, they put said tobacco in his possession, being at the time the owners thereof, and directed him to sell the same as such factor and commission merchant; that said sum of $2,500 is still due and unpaid, and he holds and retains said tobacco for the purpose of satisfying said sum, so far as it will go, as he well may; and therefore he says that he does not unlawfully detain the said tobacco."

The plaintiffs demurred to this special plea, but the demurrer was overruled; and they then replied, 1st, " that said

Grant & Nickels did not, while owners of said tobacco, put the same in the possession of the defendant, and direct him to sell it as factor and commission merchant"; 2d, "that said Grant & Nickels were induced to put their tobacco in the hands of defendant, and to direct him to sell the same, by the fraud and misrepresentations of said defendant, who has wrongfully converted the same"; and, 3d, "that said Grant & Nickels gave specific directions to said defendant as to the sale of said tobacco, and that said directions have not been complied with, but the defendant has wrongfully converted said tobacco."

"On the trial," as the bill of exceptions states, "the plaintiffs, Grant & Nickels, proved that they purchased in New York the tobacco sued for, and shipped it to Mobile to Thos. L. Brothers, to be forwarded to them at Montgomery. They also proved the value, and read in evidence the deed of assignment executed by them to Hutchinson, for the benefit of their creditors, dated 9th March, 1854. They proved, also, that they tendered the expenses of the shipment, &c., of this tobacco from New York, to said defendant, before this suit was brought, and demanded the tobacco; and that it was not delivered by him. The defendant then proved that he was the factor and commission merchant of said Grant & Nickels, for the sale of cotton, and they were indebted to him as such, for money advanced them, about $1,400; that he also carried on the business of receiving and forwarding goods, but this branch of his business was carried on in the name of Thos. L. Brothers, who was merely his clerk, and who had no interest at all in said receiving and forwarding business. He also offered evidence to show that said Grant & Nickels knew that said receiving and forwarding business, though done in the name of Brothers, was exclusively (for) the benefit of said defendant; and proved that said Grant & Nickels resided in Montgomery, and were indebted to him, as factor, in the sum of about $1,400, and as receiving and forwarding agent, in the sum of about $1,600. He then introduced two letters from said Grant & Nickels, one dated January 23, 1854, before said assignment, and the other dated ——, 1853; and proved that, in consequence of said letter of 23d January, the tobacco was not sent up to Montgomery, but remained

with him, until after said assignment, in his warehouse, where it was deposited on its arrival from New York at Mobile, when the agent of the assignee demanded the same of him; that, after this demand, he turned over said tobacco to Dorrance & Sons, as his own, and they have sold a part of it as his property.

"On this evidence, the defendant requested the court to charge the jury as follows:—

"1. If they believe that the business of receiving and forwarding the goods of Grant & Nickels was done in the name of Thos. L. Brothers, but was in fact done by David Stodder, and for his benefit; and if they further believe that Grant & Nickels instructed Stodder to retain and sell the tobacco, or to hand it over to another for the purpose of sale, then such instructions gave a lien to Stodder, for the whole balance due him on the receiving and forwarding account, previous to the receipt of such instructions.

"2. If the jury believe that Grant & Nickels, before the assignment, were indebted to David Stodder, as a factor; and if they further believe that said Stodder held the tobacco under the instructions of the letter of Grant & Nickels dated January 23, 1854, and under said instructions handed over the tobacco to Dorrance & Sons, for sale on his own account, —then he had a right to do so, and has a lien on the tobacco, or its proceeds, to secure the debt due him as factor from Grant & Nickels.

"3. If the jury believe that Stodder, as receiving and forwarding agent, determined to hold the tobacco as a factor, under the letter of January 23, 1854, then he had the right to retain said tobacco, until his factorage account was paid.

"4. If the jury believe that Stodder claimed only a lien on the goods at the time of the assignment, and not that he had the property, then the legal title passed by the assignment to Hutchinson, and the suit should have been in his name.

"5. If the jury believe that the defendant held the tobacco according to the instructions of the letter dated January 23, 1854, at the time of the assignment, then the suit ought to have been brought in the name of Hutchinson."

The court refused all these charges, and the defendant excepted to each refusal.

"The bill of exceptions, with the things therein contained," is now assigned as error.

E. S. DARGAN, for the appellant, contended,—

1. That the charges asked, touching the defendant's lien as factor and consequent right to retain, asserted correct legal propositions.—Russell on Factors, (48 Law Library,) top pp. 127–32.

2. That the fourth and fifth charges ought to have been given, because, on the supposed state of facts, the action should have been brought in the name of Hutchinson, the assignee.—Goodwin v. Lloyd, 8 Porter, 237; Foster v. Goree, 5 Ala. 424.

R. B. ARMISTEAD, with whom was NAT. HARRIS, *contra:*

1. The letter found in the record is no part of the bill of exceptions, and cannot be considered for any purpose.— Quigley v. Campbell & Cleaveland, 12 Ala. 61.

2. The several charges asked, without reference to the letter, were abstract, and therefore properly refused.

3. On the question of lien, if it arises, see Russell on Factors, m. p. 205–7; Story on Agency, § 362.

4. It is immaterial whether the conversion took place before or after the assignment. It would have been the duty of the court below, on motion, to strike out the name of the party improperly joined; and this court will consider the amendment as made accordingly.—Code, § 2130; Boddie v. Ely, 3 Stew. 182.

CHILTON, C. J.—1. We cannot regard the letters found in the record as any part of it, as they are not made a part of the bill of exceptions by any appropriate reference to them. It is needless, therefore, to discuss the question of lien, since the charges involving it are clearly abstract; and the decision of the court, sustaining a demurrer to the second plea, has not been assigned for error.

2. The last charge should have been given; for, assuming the facts to be as therein stated, the legal title to the tobacco vested in Hutchinson, the assignee of the plaintiffs, and the subsequent conversion would give him, and not Grant & Nick-

els, a right of action. In such case as this, the action must be brought in the name of the person having the legal title. Code, § 2129. Section 2130 does not cure the defect; for, here, the action is not brought in the name of the party having the legal title, in the aspect of the facts presented by the charge; and hence Hutchinson, for whose use the suit is brought, is not the real party, or, in the language of this record, " the sole party on the record." He, then, can only be considered a party to receive such recovery as the plaintiffs, Grant & Nickels, can obtain; and having, in this view, no right, they can recover nothing.

To strike out the names of the present plaintiffs, and to insert that of Hutchinson, would not be " to *add* new parties plaintiffs," as provided by section 2403, but to strike out the only plaintiffs on the record, leaving none to add to, and thus discharging the whole action. When all the plaintiffs are stricken out, the case is at an end. We will not now undertake to define the exact limit of our present statute of amendments; but we think it quite clear, that it was not intended to go to the extent of making a total change of parties, either plaintiffs or defendants. The phraseology employed does not admit of such extraordinary latitude. Such, too, has been our previous decision upon the point.—Leaird v. Moore, 27 Ala. Rep. 326.

As, therefore, the court below has no power, under the statute, to make Hutchinson plaintiff instead of Grant & Nickels, we cannot consider the record as amended in this court. The result is, that the judgment must be reversed, and the cause remanded.