## DWYER *vs.* KENNEMORE.

[ACTION ON PROMISSORY NOTE UNDER SEAL.]

1. *Who is proper party plaintiff.*—When an action under the Code, (§ 2129,) founded on a "writing obligatory" for the payment of money, is brought in the name of one person, for the use of another, a demurrer lies to the complaint, because it shows on its face that the action ought to have been brought in the name of the beneficial plaintiff.

2. *Amendment of complaint by change of parties.*—In an action on a "writing obligatory," a demurrer having been sustained to the complaint, because it showed on its face that the beneficial plaintiff, for whose use the action was brought, ought to have been the sole nominal plaintiff, the complaint may be amended (Code, § 2403) by striking out the nominal plaintiff.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. NAT. COOK.

THIS action was brought by William Dwyer, for the use of John G. Kirkpatrick, against Stephen Kennemore, as administrator of William C. Pruitt, deceased; and was founded on said Pruitt's "writing obligatory, for $2,750 30, dated September 4, 1849, and due one day after the date thereof." The court below sustained a demurrer to the complaint, because it showed on its face that Kirkpatrick, for whose use the action was brought, was "the party really interested," and ought therefore to have been the sole and nominal plaintiff. The plaintiff then asked leave to amend his complaint, by striking out the name of Dwyer, so that Kirkpatrick might be the sole party plaintiff of record; but the court refused to allow the amendment, and the plaintiff excepted. These two rulings of the court are now assigned as error.

ROBINSON & JONES, for the appellant.

C. C. CLAY, Jr., *contra.*

WALKER, J.—The fact that this suit is brought for the use of J. G. Kirkpatrick is an acknowledgment that he is the beneficial owner, as has been several times decided by this court.—Johnson v. English, 1 Stewart,

169; Hunt v. Stewart, 7 Ala. 525; Bullock v. Ogburn, 13 Ala. 346. It is, therefore, shown by the complaint in this case, that the suit is not brought in the name of "the party really interested." The cause of action is clearly one required by section 2129 of the Code to be sued upon in the name of "the party really interested." This suit is, therefore, shown by the complaint not to be brought by the proper plaintiff; and therefore, the court below did not err in sustaining the defendant's demurrer.

2. Another question in the case is, whether the court erred in refusing to permit an amendment of the complaint, by striking out, so as to make the person for whose use the suit was brought the nominal and sole plaintiff. Before the adoption of the Code, the beneficial plaintiff, in a suit by the assignor of a note, for the use of one to whom a transfer by delivery had been made, was considered the real plaintiff. This case was unlike Leaird v. Moore, 27 Ala. 326, where it was proposed to strike out the only party plaintiff, bring a new plaintiff forward before unknown to the record, and thus produce an entire change of the party litigating on one side. It is also unlike Stodder v. Grant & Nickles, 28 Ala. 416. In this last case, it was indispensable that he who had the legal title should be the plaintiff; and it was held, that the name of the nominal plaintiff could not be stricken out, so as to make the beneficial plaintiff stand alone, as a party prosecuting his own legal title. The amendment would have struck out one party, and substituted another; and would thus have brought the legal title of a different person into the arena of the litigation. The assertion of the complaint, that the legal title was in the original plaintiff, would have been changed into the assertion, that the legal title was in a different person. A new case, with a new plaintiff, would have been made.

Here the proposition is entirely different. The name of him who had the legal title has been, by mistake, unnecessarily brought into the complaint as a party. There is contemplated no change of the assertion that the legal title was in him. The legal title of no new person is proposed to be brought into the litigation. The

questions to be passed upon, the rules of evidence to govern the trial, and the title and right to be tried, are to remain the same. The complaint itself shows, who is *the real and proper* plaintiff. The name of an unnecessary *nominal* plaintiff is simply to be stricken from the record, leaving the proper plaintiff in the case. The mistake to be corrected is merely to make the beneficial plaintiff the nominal plaintiff, in compliance with the statute which requires one having the equitable title to sue in his own name.

For these reasons we hold, that the amendment proposed in this case should have been allowed under section 2403 of the Code; and that it may be allowed without infringing the doctrine laid down in Leaird v. Moore, or the point actually decided in Stodder v. Grant & Nickles.

While we do not assail the point actually decided in either those cases, we think it proper to remark, that we do not wish to be understood, by anything said in this opinion, as reasserting the principle decided in Stodder v. Grant & Nickles. On the contrary, we think that case is wrong, and ought to be overruled; while Leaird v. Moore is right in principle, and ought to be maintined.

The judgment of the court below is reversed, and the cause remanded.

STONE, J.—There is, as I understand the question, but one theory on which a distinction can be taken between this case and Stodder v. Grant, 28 Ala. 416; namely, that where the amendment of parties implies the assertion that the *legal title* is in a person or persons different from the case made by the original complaint, there the amendment will not be allowed; whereas, if, as in this case, the amendment does not necessarily present a new and different *legal title*, then the amendment will be allowed, unless the case come within the principle asserted in Leaird v. Moore, 27 Ala. 326. This conclusion of mine is, I think, demonstrated by the fact that the amendment proposed in Stodder v. Grant was, in form, precisely the same as that proposed in this case, viz., to strike out the

nominal plaintiff, and leave the suit to progress in the name of the *cestui que use.*

If I am correct in what is stated above, I think any attempt to draw a distinction between the two cases will necessarily lead to one of the following results : 1st, that no amendment of parties can be allowed, if such amendment involve the assertion of a legal title different from that relied on in the original complaint; or, 2d, one rule must be laid down for amendments, when the suit is in the name of one or more persons plaintiff for the use of another, and an entirely different rule where the complaint presents no *cestui que use.*   To illustrate : A suit in detinue is brought by A. and B. as plaintiffs, when the title is in fact in A. alone.  If the name of B. be struck out, the amended complaint presents a legal title different from the one asserted in the original complaint.  If we adopt the first stated of the above results, we will be compelled to refuse the amendment in the case hypotheticated.   On the other hand, if we allow the amendment in the case supposed, and adhere to the supposed distinction, we lay down one rule for suits where there is a *cestui que use,* and another where there is none.

I do not think section 2403 of the Code furnishes a foundation for such distinction.   I think the intention of that section was, to provide for amendments, even though by the amendment new legal interests were presented or withdrawn, and, in this way, a title *new in respect to the parties to it* should be presented before the court.   If we do not give to section 2403 this construction, we limit the right of amendment provided by its second clause to suits on contracts "for the payment of money," as provided by section 2129 of the Code.

I hold, then, that the right to amend in this case, and in the case of Stodder v. Grant, *supra*, rests on precisely the same principle.   I think, also, that Stodder v. Grant, and Leaird v. Moore, are distinguishable, and that in overruling the one, we do not necessarily overrule the other. Leaird v. Moore rests alone on the ground that there was but one party plaintiff.   Stodder v. Grant had a nominal plantiff, and a *cestui que use.*   The statute of 1812 (Clay's

Digest, 313, § 3) recognizes such *cestui que use* as a party; and, in case of the death of the nominal plaintiff, continues the suit in the name of the beneficiary. The Code (§ 2147) contains a similar provision. Giving to Leaird v. Moore its full operation, I think, under the statutes cited above, there was a party plaintiff left on the record, after the nominal plaintiff was stricken out. This principle, I hold, authorized the amendment in Stodder v. Grant, and in this case.

I think, however, that Leaird v. Moore misconstrues the second clause of section 2403 of the Code. That clause reads as follows: "The courts respectively * * * must permit the amendment of the complaint, by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant." The construction heretofore given has been, that there must remain on the record a party plaintiff or defendant; otherwise, there would be nothing to which the new party could be added. This position I think more plausible than solid. I can not understand this language as indicating that the *parties* are the *only* subjects spoken of, or that the *addition* which it authorizes is *of parties to parties*. I hold that, according to the laws of our language, the *new parties* were to be added to the *complaint*, and not to old parties still left on the record.

To show I am correct in my construction of this language, I subjoin two renderings of it: one, on the basis given above; the other, in accordance with Leaird v. Moore and Stodder v. Grant:

1. "The courts respectively must permit the amendment of the complaint by striking out [from it] parties plaintiff or defendant, or by adding [to it] new parties plaintiff or defendant."

2. "The courts respectively must permit the amendment of the complaint, by striking out [from the parties] parties plaintiff or defendant, or by adding [to the parties] new parties plaintiff or defendant."

It being thus shown that the amendment spoken of, is by striking out from the complaint, or adding to the complaint, it follows that the theory on which Leaird v.

Moore rests must fall to the ground. The body of the complaint, although all the plaintiffs may be stricken out, will still remain to be *added* to.

The objection stated in Stodder v. Grant, that if the name of a sole plaintiff were stricken out, the case would be at an end, is, I think, unsound. In case of the death of a sole plaintiff, there is, until the suit is revived, no party in court; and yet, it has never been supposed, in such state of the record, that the case was at an end, if the case was one which under the statute could be revived. While a case is *in fieri*, all these changes or amendments may take place, without producing a perceptible *hiatus*, or disturbing the harmony of the proceedings.

As the question under discussion is one of practice, and can not unsettle titles to property, I am in favor of overruling both Leaird v. Moore, and Stodder v. Grant. In coming to these conclusions, I think I but carry into effect a very salutary legislative provision.

I concur in Judge Walker's conclusions, but not in the distinction which his opinion tends to draw between Stodder v. Grant and this case.