## PICKENS AND WIFE vs. OLIVER.

[DETINUE BY HUSBAND AND WIFE FOR SLAVES BELONGING TO SEPARATE ESTATE.]

1. *Amendment of complaint.*—In an action brought originally by a married woman suing alone, the complaint having been amended by adding the name of the husband as a co-plaintiff, (Code, § 2403,) a second amendment, at a subsequent term, striking out the name of the wife, and making the husband, as trustee of his wife, the sole plaintiff, cannot be allowed. (STONE, J., *dissenting.*)
2. *When husband must sue alone.*—For the recovery of slaves belonging to the wife's separate estate created by deed, the right of action (Code, § 2131) is in the husband alone, when it appears that no trustee was appointed by the deed, and that the husband had possession of the slaves for several years under the deed.
4. *Conclusiveness of judicial decisions.*—An opinion of the supreme court is the law of the case in which it is pronounced, both in the primary court to which the cause is remanded, and on a second appeal.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. E. W. PETTUS.

THIS case was before this court at its January term, 1857, when the judgment of the court below was reversed, and the cause remanded.—See 29 Ala. 528. The additional facts disclosed on the second trial, as shown in the bill of exceptions in the present record, are stated in the opinion of the court.

THOMAS WILLIAMS, for the appellant.

WATTS, JUDGE & JACKSON, *contra.*

WALKER, J.—This suit was originally brought in the name of Margaret C. Pickens, as the sole plaintiff. Her husband was subsequently, by amendment, made a co-plaintiff with her. A motion was afterwards made, at another term, to amend the complaint, so as to leave the husband the sole plaintiff upon the record, suing in the capacity of trustee for his wife. This motion was properly overruled. The effect of allowing an amendment, by

which the name of the husband was added, and then allowing an amendment by which the name of the wife was stricken out, would have been, in an indirect manner, to strike out the name of the sole plaintiff, and insert the name of a new plaintiff. This, it was decided in Leaird v. Moore, 27 Ala. 326, could not be done directly; and the same rule must prevail, when the attempt is made to effect the same object by two distinct amendments at different terms of the court.—Friend v. Oliver, 27 Ala. 532.

[2–3.] The uncontroverted proof in this case is, that the *feme covert* plaintiff had a separate estate, created by deed, in the slaves for the recovery of which the suit is brought; that the deed creating the separate estate appointed no trustee; and that the husband had been in possession of the property for several years under the deed. When this case was before in this court, it was decided, that, upon those facts, the right of action was in the husband alone. Pickens and Wife v. Oliver, 29 Ala. 528. That decision is the law of this case, and absolutely and necessarily conclusive of it.

The question here is not, whether the husband reduced the property to possession as husband, but whether or not he reduced it to possession as trustee by virtue of his being the husband. The class of cases which hold, that the marital rights of the husband do not attach where property is given to a married woman by words which do not create a separate estate, but the husband nevertheless receives and holds it during life as her separate estate, uniformly disclaiming any right in himself, have no application here.—Machem v. Machem, 28 Ala. 374; Jennings v. Blocker, 25 Ala. 415; Lockhart v. Cameron, 29 Ala. 355; Betts v. Betts, 17 Ala. 787. The question here is not, whether the marital rights of the husband attached. It is very clear that they did not, because a separate estate was vested in the wife. The question is, whether the husband ever had possession by virtue of the trust capacity attaching to him as husband. The testimony shows that he did have such possession.

The judgment of the court below is affirmed.

STONE, J.—I dissent from the opinion of the majority of the court in this case, for reasons which I stated, at length, in the case of Dwyer v. Kennemore, at January term, 1858. In that case, we departed from our former construction of section 2403 of the Code, as the same had been expressed in the case of Stodder v. Grant & Nickels, 28 Ala. 416. Having, in one respect, departed from the former construction, I think we should go farther, and place section 2403 of the Code on the high remedial ground, which, I think, it was designed to occupy.