LONGMIRE *vs.* PILKINGTON.

[TROVER FOR CONVERSION OF HORSE.]·

1. *When, guardian may sue.*—Under the provisions of the Code, (§§ 2036, 2132,) a guardian may sue in his own name, for the use of his ward, to recover damages for the conversion of the ward's property.
2. *Amendment of· complaint.*—Under the provisions of the Code, (§§ 2402–3,) where the summons is in the name of the plaintiff individually, the complaint may be so amended as to show that he sues as guardian of a minor, and for the use of his ward.

APPEAL from the Circuit Court of Monroe.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by James Pilkington, against Garrett M. Longmire and Richard F. Longmire, to recover damages for the conversion of a horse. In the original complaint, the plaintiff sued in his own right, and alleged that the horse was his property. An amended complaint was afterwards filed, in which the plaintiff was described as "James Pilkington, as guardian of Margaret Pilkington, a minor, and who sues for the use of said Margaret Pilkington;" and the horse was alleged to be the "property of the plaintiff as aforesaid." There is no bill of exceptions in the record; but the judgment-entry of the term, at which the amendment was allowed, is in these words :—"Plaintiff has leave to amend his complaint, by adding to his name the words, 'as guardian,' &c.; to which the defendants except." The defendants afterwards demurred to the amended complaint—" 1st, because said complaint shows

on its face no cause of action in the plaintiff as guardian; 2d, because the suit is not brought in the name of the ward, by next friend ; 3d, because the complaint shows no cause of action in plaintiff; 4th, because the ward cannot sue, in this form of action, by guardian ; 5th, because the complaint does not allege property in the plaintiff; and, 6th, because the complaint shows on its face that the property is in the ward." The court overruled the demurrer. The allowance of the amendment, and the overruling of the demurrer to the amended complaint, are now assigned as error.

ANDERSON & BOYLES, for appellants.
S. J. CUMMING, contra.

STONE, J,—The Code (§ 2036) declares, that "guardians may sue in their own names, for the use of the ward, in all cases where the ward has an interest, and the judgment enures to his benefit." The amended complaint in the present case discloses an interest in the ward ; and if its averments be true, the judgment will enure to her benefit. The case, then, as made by the amendment,. is precisely within the letter of the section of the Code above copied, if that section be not qualified by some other provisions of the Code. It is contended, that section 2132 qualifies section 2036. We think we give operation to the latter section, (2132,) when we declare that it would evidently govern suits by infants who have no guardian. They "must sue by their next friend." Possibly there are other cases to which section 2132 would apply.

We hold, then, that, in suits like the present, the guardian "may sue in his own name, for the use of the ward."

Section 2130 of the Code relates to suits "brought in the name of the person having the *legal title*, for the use of another." A guardian, as such, has not the legal title of his ward's estate ; and, hence, that section can exert no influence on suits like the present.—*Sutherland v. Goff*, 5 Por. 508 ; *Hooks v. Smith*, 18 Ala. 341.

[2.] If the amendment was properly allowed, we need not inquire whether the record sufficiently raises the question of its allowance.—See *Bryan v. Wilson*, 27 Ala. 208 ; *Felkel v. Hicks*, 32 Ala. 25. The alteration in this case was not an entire change, or substitution, of one party plaintiff for another. Such change, under our decisions, would not be allowed.—*Leaird v. Moore*, 27 Ala. 326 ; *Friend v. Oliver*, *ib.* 532; *Dwyer v. Kinnemore*, 31 Ala. 404 ; *Pickens v. Oliver*, 32 Ala. 626. The amendment simply changed the character in which the plaintiff sued, by showing that he declared, not in his own right, but in that of another, upon whose title the statute permits him to recover. In *Crimm v. Crawford*, (29 Ala. 626,) we said, "To amend the complaint, so as to show the capacity in which the plaintiff sues, produces no inadmissible departure from the summons ; for, notwithstanding the summons is, under the decisions of this court, deemed as one in favor of the plaintiff as an individual, yet it is permissible for the plaintiff, upon general process, to declare as an administrator."—See, also, *Agee v. Williams*, 30 Ala. 636. The principle settled in *Crimm v. Crawford, supra*, is well sustained by authorities, many of which are therein cited. We cannot distinguish between the right to amend in that case, and in this ; and, hence, we hold, that the amendment was properly allowed in the present case.

Judgment affirmed.