McCONNICO ET AL., GUARDIANS, *vs.* STALLWORTH.

[DEBT, BY GUARDIANS FOR USE OF WARD, ON DECREE OF PROBATE COURT.]

1. *Charge to jury; what erroneous.*—In a suit by guardians, for the use of the ward, against her former guardian, on a decree rendered against him, in her favor, by the probate court, the plea being the general issue, and the decree the only evidence, it is error to charge the jury that, under the evidence, the plaintiffs can not recover.

2. *Section* 2445, *Revised Code; what it authorizes.*—Section 2445 of the Revised Code authorizes the removal of the person or property of a minor from one county to another, and the appointment of a guardian in the

county to which the removal is made, on ten days' notice, of the application, to the former guardian.

3. *Section 2446, Revised Code; what authorizes,*—Section 2446 of the Revised Code authorizes guardians to sue in their own names, for the use of the ward, in all cases where the ward has an interest and the judgment enures to his benefit.

4. *Debt on judgment; when lies.*—A suit on a judgment or decree may be brought within a year and a day from its rendition.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. JOHN K. HENRY.

The appellants, C. T. and Martha A. McConnico, as guardians of Bettie S. Stallworth, commenced a suit in the circuit court of Conecuh county, by attachment, on the 31st of December, 1866, against the appellee, R. P. Stallworth, on a decree of the probate court of Conecuh county, rendered January 30, 1866, in favor of their ward against the said appellee, who was her former guardian. The appellants claimed to be guardians of the said ward, by appointment of the probate court of Wilcox county. On the trial, the defendant pleaded the general issue, and the plaintiffs gave in evidence the decree, without objection on the part of the appellee. There was no other evidence, and the court charged the jury that the plaintiffs could not recover. This charge is now assigned as error.

S. J. CUMMINGS, for appellants.
WATTS & TROY, and WALKER, MURPHY & WINTER, *contra.*

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The plea of the general issue denies the cause of action, as set forth by the plaintiff. Revised Code, § 2639. It does not extend to any disability of the plaintiff to bring the suit, nor to the objection that any specified time, before which the suit can not be brought, has not elapsed. In this case, it amounted simply to a plea of *nul tiel* record.

The decree was given in evidence, without objection from the defendant. As he offered no evidence himself, the plaintiff was entitled to recover, if the decree sustained his complaint.

McConnico et al. v. Stallworth.

The plaintiffs sue as guardians of Bettie S. Stallworth, a minor. It was not objected that they were not such guardians. The decree proved that they were. As the question, of the validity of their appointment, in Wilcox county, was raised on the argument, it may not be amiss to say, that section 2445 of the Revised Code authorizes the removal of the person or property of a minor from one county to another, and the appointment of a guardian in the county to which the removal is made, on ten days' notice of the application to the former guardian. Nothing appears on the record to show that these appellants were not appointed guardians, as therein directed. We find them in the probate court of Conecuh county contesting, as guardians of the minor, the final settlement of the accounts of the former guardian, Stallworth, without objection from him. It is also shown, that Stallworth has made large payments on the decree since its rendition. From these premises the conclusion may be drawn, that they were legally appointed.

The decree was properly rendered in favor of the ward. The suit was rightly brought in the name of the guardians, for the use of the ward.—Revised Code, § 2446 ; *Longmire v. Pilkington*, 37 Ala. 296.

It is no objection to this suit, that it was brought within a year and a day from the rendition of the decree. Debt will lie on a judgment.—1 Chit. Pl. 126 ; 1 Tidd. Prac. 3. It will lie on a judgment, after a year and a day, although an execution may legally issue upon it.—*Kingslake & Co. v. Forrest*, 18 Ala. 519. The time within which an execution may issue, is counted in the time necessary to bar the judgment under the statute of limitations. If a suit is not necessary, it will scarcely ever be resorted to. No authority can be found to restrict the general right to sue. The charge of the court was erroneous.

The judgment is reversed, and the cause remanded.