43  649
94  620

## TAYLOR, Executrix, *vs.* TAYLOR.

[ACTION OF ASSUMPSIT.]

1. *Complaint ; how can not be amended.*—A complaint against the defendant as executrix, can not be amended so as to charge her personally.

APPEAL from the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE opinion gives the facts upon which the case turns.

RICE, SEMPLE & GOLDTHWATIE, for appellant. (No brief on file.)

CUNNINGHAM & GRAVES, *contra.*

THE amendment asked by the plaintiff in the court below, to strike out the words in the complaint, " who is sued as executrix of Jesse P. Taylor, deceased," was properly allowed by the court, being merely *descriptio personœ.* *Arrington v. Hair,* 19 Ala. 243 ; *Gibson v. Land,* 27 Ala. 117 ; *Tate v. Shackleford's Adm'r,* 24 Ala. 510 ; *Crimon's Adm'r v. Crawford,* 29 Ala. 623 ; 1 Ch. Pl. 250, 251.

B. F. SAFFOLD, J.—The first question presented by the assignment of errors, is whether the complaint can be amended by striking out of it the words, "Who is sued as executrix of Jesse P. Taylor, deceased," thereby charging the defendant individually. The cause of action, set forth, is against the defendant personally.

Section 2809, Revised Code, which is the authority for this amendment, if it can be made, has been construed by this court in numerous instances, but none of them are decisive of this case. The common-law rule of practice authorized the plaintiff, described generally in the process, to declare specially in any particular character or right, as executor or administrator, and also allowed the defendant so described to be declared against in a representative capacity ; for this did not tend to enlarge but to narrow the demand which the defendant was called upon to answer. 1 Ch. Plead. 250, 251 ; 3 Ch. Gen. Practice, 182.

But the converse was not permissible, and unless the section above mentioned authorizes it, it can not be done. It has been construed liberally, and the rule of construction, as far as one can be deduced from the authorities, is that there must not be entirely new parties plaintiff or defendant, or a new cause of action. Where a plaintiff sued as trustee of L. H. & F. D., he was allowed to amend by adding, " and for the remaindermen, who are their children." *Humphries v. Dawson*, 38 Ala. 199. So, when a plaintiff was described in the summons in a representative capacity, and in the complaint as suing individually, he was allowed to amend the complaint to conform to the summons.— *Ikelheimer v. Chapman's Adm'r*, 32 Ala. 676. A nominal plaintiff was permitted to be stricken out, so that the case would stand in the name of the beneficial plaintiff.—*Dwyer v. Kennemore*, 31 Ala. 404. And in an action on a penal bond in the name of the party injured, the complaint was amended by inserting the name of the probate judge, as suing for the party.—*Hains v. Plant & Co.*, 31 Ala. 639.

But a sole plaintiff or defendant can not be stricken out and another substituted. Nor can the original parties on either side be entirely withdrawn, by adding and striking

out parties.—*Tarver v. Smith*, 38 Ala. 135 ; *Pickens and Wife v. Oliver*, 32 Ala. 626 ; *Laird v. Moore*, 27 Ala. 326.

The words stricken out of the complaint in the case before us can not be treated as surplusage. It is impossible for language to express more definitely the character in which the defendant is declared against. She is called on to defend a cause of action originating against her testator. Her attention is withdrawn from her own liabilities by being directed to those of another. The effect of the amendment was to create an entirely new party sole defendant, and to substitute a new cause of action. The court erred in permitting it to be made.

The judgment is reversed, and the cause remanded.