# Johnson v. Martin.

### Action on Foreign Judgment.

1. *Judgment; who can not maintain action on, in own name.*—A judgment is
not such a "contract, express or implied, for the payment of money," within
the meaning of section 2523 of the Revised Code, as entitles the assignee to
maintain an action thereon in his own name.

2. *Amendment, right of.*—Under our statutes there is no limit to the right
of amendment, except that the plaintiff must not depart entirely from the pro-
cess, or substitute an entirely new cause of action, or make an entire change
of parties.

3. *Same; what within the rule.*—Where the complaint discloses the name of
the plaintiff in the judgment, upon which the transferee brought suit in his
own name, an amendment converting the action into a suit by the plaintiff in
the judgment, for the use of the transferee, does not violate this rule.

4. *Direct charge upon evidence; when proper.*—Where the facts are clear and
undisputed, the court, on the request of either party, may charge upon them
directly without hypothesis. A party seeking to revise a general affirmative
charge, must either show that the evidence was conflicting, and the charge an
invasion of the province of the jury, or set out all the evidence, to enable the
appellate court to determine whether the charge was authorized.

5. *Charge; when will be given*—Where the defense set up was that the cause
of action was barred by the statute of Georgia, where the cause of action
occurred, while the defendant resided there, a charge given at plaintiff's re-
quest, that he is entitled to recover, will be upheld, although a Georgia statute
prescribing a bar was given in evidence; it not appearing when, the statute
was enacted, and there being nothing to show that it was not passed after the
defendant's removal from the State, or even after the commencement of the
suit. Every legitimate presumption, not forbidden by the record, must be in-
dulged to uphold the judgment of the primary court.

APPEAL from Circuit Court of Henry.

Tried before Hon. J. McCALEB WILEY.

This was an action by the appellee, in his own name, on a
judgment rendered in Georgia against the appellant, in favor
of Hall, Moses & Co., which the latter had assigned to ap-
pellee for value.

A demurrer being sustained, because the plaintiff did not

have the legal title to the judgment sued on, plaintiff asked and obtained, against the objection and exception of appellant, leave to amend, by adding the names of Hall, Moses & Co., for the use of appellee. Appellant then pleaded the statute of limitations of Georgia, as a bar to the action, and upon this issue the case was tried.

Appellee introduced a transcript of the judgment from the superior court of Stewart county, Georgia.

The introduction of the transcript was objected to, on the ground that it was not authenticated, as required by congress. The court overruled the objection, and appellant reserved an exception.

Defendant was then introduced, and testified that he was living in Georgia, at the time of the rendition of said judgment, and that he had resided there up to December, 1869, except while absent in the army. He also introduced the following section of the Code of Georgia: "No judgment hereafter obtained in the courts of this State, shall be enforced after the expiration of seven years from the time of its rendition, when no execution has been issued upon it, or when execution has been issued upon it, and seven years have expired from the time of the last entry upon the execution, made by an officer authorized to execute and return the same—such judgment may be revived by *scire facias*, or be sued on within three years from the time it became dormant." Upon this evidence, and at the plaintiff's request, the court charged the jury, that "if they believed the evidence, they must find for the plaintiff."

The charge was excepted to by the defendant, and is now assigned as error.

JAMES G. COWAN, for appellant.

OATES & BRO., *contra.*

BRICKELL, C. J.—A judgment is incapable of assignment, so as to enable the assignee to maintain an action thereon, except by using the name of the original plaintiff.— *Bunnell v. Mayee*, 9 Ala. 433; Freeman on Judgments, § 421. The assignment passes the equitable title if it is made for a valuable consideration, vesting in the assignee the exclusive right to control the judgment, and to use the name of the assignor, in the issue of process, or in an original suit on the judgment.—*Becton v. Ferguson*, 22 Ala. 599; *Haden v. Walker*, 5 Ala. 86; *Gayle v. Benson*, 3 Ala. 234; *Brahan v. Ragland*, 3 Stew. 247; *Black v. Everett*, 5 Stew. & Port. 60. Though

[Johnson v. Martin.]

the assignee is the beneficial owner of the judgment, and has the real interest therein, he cannot sue in his own name, under the statute.—R. C. § 2523. A judgment is not a "contract, express or implied, for the payment of money," within the meaning of that statute.—*Smith v. Harrison*, 33 Ala. 706. The suit, therefore, by appellee in his own name, was erroneous, and the demurrer to the complaint properly sustained.

Under our statutes (R. C. §§ 2808-9) there is no limit to the right of amendment of a complaint, except that the plaintiff must not depart entirely from the process, or substitute an entirely new cause of action, or make an entire change of parties.—*Crimm v. Crawford*, 29 Ala. 623; *Leaird v. Moore*, 27 Ala. 326; *Friend v. Oliver, ib.* 532; *Pickens v. Oliver*, 32 Ala. 626. To the complaint as originally framed, the only party plaintiff was Martin, the assignee of the judgment. The suit is maintainable only by the holder of the legal title. The introduction of the name of the beneficial owner, with a declaration that the suit was for his use, would serve as an acknowledgment on the record of his interest, entitling him to control the suit, and to receive the money realized from it, as was often decided by this court, when all suits at law were required to be prosecuted in the name of the holder of the legal title.—*Johnson v. English*, 1 Stew. 169; *Hunt v. Stewart*, 7 Ala. 525; *Bullock v. Ogburn*, 13 Ala. 346. Under our present statute, in such case, the beneficiary is considered as the sole party on the record.—R. C. § 2524. The death of the nominal plaintiff operates no abatement of the suit; it proceeds in the name of the beneficiary, and on his death, though the nominal plaintiff is living, the suit must be revived in the name of his personal representative.—R. C. § 2543. If the beneficiary is a nonresident of the State, security for costs must be given, as if he was the sole plaintiff on the record.—R. C. §§ 2802-3. If the suit fails, costs are adjudged directly against him.—R. C. § 2787.

It was apparent from the original complaint, that the only plaintiff, Martin, had not the legal title to the judgment, the foundation of the suit. The complaint disclosed the plaintiffs, in the judgment, in whom the legal title resided. An amendment of the complaint, so that the plaintiffs in the judgment were made nominal plaintiffs, and the assignee, the beneficial plaintiff, did not materially change the character of the suit. The cause of action was not changed; it remained as averred in the original complaint. There was no change of the relation of the original plaintiff to the suit,

[Johnson v. Martin.]

which could deprive the defendant of any right, or circumscribe his defense. No other legal title, or beneficial interest, than that which was stated in the original complaint, was introduced by the amendment. An amendment of the complaint was, therefore, proper.—*Dwyer v. Kennemore,* 31 Ala. 404; *Harris v. Plant,* 31 Ala. 639; *Longmire v. Pilkington,* 37 Ala. 296.

Presumptions on error, adverse to the rulings of the primary court, are not indulged.—1 Brick. 781, § 118. If the facts of the case are clear and undisputed, the court may, on the request of either party, charge upon them directly without hypothesis.—1 Brick. Dig. 336, § 7. A party seeking the revision of a general affirmative charge, must either show that the evidence was conflicting, and the charge an invasion of the province of the jury, or he must set out all the evidence, that the appellate court may be able to determine whether the charge is authorized by it.—*Ib.* 337, § 30. The bill of exceptions does not purport to set out all the evidence. The evidence set out is without conflict, and about it there was no dispute. The court, at the request of the plaintiff, charged that he was entitled to recover. The defense insisted on, was that the cause of action was barred by the statute of limitations of Georgia, where the cause of action accrued, while the defendant resided there.—R. C. § 2911. A statute of Georgia prescribing a bar to actions was introduced, but it does not appear when it was enacted. It may have been enacted after the removal of the defendant to this State, or even after the commencement of this suit. To place the court in error, we must presume, the bill of exceptions being silent as to the fact, that it was operative and had perfected a bar whilst the defendant was a resident of the State. Such presumptions are not indulged. A party excepting must by his bill show error—no presumptions in his favor are allowed.

The judgment is affirmed.