[Vinegar Bend Lumber Co. v. Chicago Title & Trust Co.]

131　411
f134　569

# Vinegar Bend Lumber Co. v. Chicago Title & Trust Co.

## Action of Assumpsit.

1. *Amendments; when not authorized; discontinuance.*—While our statute of amendments is exceedingly liberal in its terms, it has never been held to authorized the striking out of a sole party plaintiff and the substitution of another; and upon this being done such substitution will work a discontinuance of the cause.

2. *Same; same; what a departure and not allowed.*—Where a suit is brought in the name of a corporation as party plaintiff, the amendment of the complaint by substituting for the plaintiff corporation the name of another as assignee of said corporation, is a departure and can not be allowed; since it introduces an entirely new party plaintiff.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. A. H. ALSTON.

This was an action of assumpsit brought originally by the Charles Munson Belting Company to recover for an amount alleged to be due upon an account. The complaint contained the common counts. The appeal is prosecuted from a judgment in favor of the appellee. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

CHAS. L. BROMBERG, JR., for appellant, cited *Bachus v. Mickle*, 45 Ala. 445; *Torrey v. Forbes,* 94 Ala. 135; *Jones v. Englehart*, 78 Ala. 506; 2 Brick. Dig., 369, § 124; 370, § 136 and authorities cited.

WILLIAM D. DUNN, PILLANS, TORREY & HANNAW and E. P. WILSON, *contra,* cited 3 Am. & Eng. Ency. Law (2d ed.), 38; 28 Am. & Eng. Ency. Law, 784; *Herring v. Skaggs*, 62 Ala. 186.

[Vinegar Bend Lumber Co. v. Chicago Title & Trust Co.]

HARALSON, J.—The suit was commenced by the Charles Munson Belting Company, a foreign corporation, against Ebenezer Turner, Herbert Turner and Verda E. Turner, partners doing business under the firm name and style of Vinegar Bend Lumber Company, and the Vinegar Bend Lumber Co., a domestic corporation.

The defendant, Verda E. Turner, pleaded coverture, which plea was confessed and her name was stricken out as a defendant. An amendment was allowed, striking out the Vinegar Bend Lumber Company as a corporation, leaving the suit in the name of the Munson Belting Company, a corporation, against Ebenezer Turner and Herbert Turner, as partners doing business under the name and style of Vinegar Bend Lumber Company.

E. T. Ames, a witness for the plaintiff, testified on the trial, that he represented the Chicago Title & Trust Company, the assignee of the plaintiff, the Charles Munson Belting Company. Thereupon, the plaintiff by leave of the court amended the complaint so as to make the suit as one by the Chicago Title & Trust Company, as assignee of the Charles Munson Belting Company, as plaintiff. The defendant thereupon moved the court to enter a discontinuance of the cause of action, which motion the court overruled and defendant excepted.

The statute provides, that amendments must be made during the progress of the suit, by striking out or adding new parties plaintiff or defendant. The only limitation on this right is that a party shall not be allowed to depart in the complaint entirely from the process, or substitute an entirely new cause of action, or to make an entire change of parties.—Code, § 3331.; *Crimm v. Crawford*, 29 Ala. 623, 626. So we have held, that if one sues in his individual capacity, the complaint may be amended so as to make the suit stand in his representative capacity, and *vice versa.—Lucas v. Pittman*, 94 Ala. 616. In such cases, there is no entire change of parties, but only of the character in which they sue.

"The purpose of the statute authorizing amendments by striking out or adding parties, plaintiff or defendant, is to cure defects arising from non-joinder or mis-

joinder, without having to dismiss the case."—*Jones v. Englehardt,* 78 Ala. 506; *Laird v. Moore,* 27 Ala. 328. Unless there is a misjoinder or non-joinder, there would scarcely be room for the operation of the statute. It was not intended to go to the extent of making a total change of parties, either of plaintiffs or defendants.—*Stodder v. Grant,* 28 Ala. 416; *Laird v. Moore,* 27 Ala. *supra.* So, in a suit in the justice's court against Daniel McGill, President of the Davis Avenue Railroad Company, and on appeal a complaint was filed against the Davis Avenue Railroad Company, it was held that this was an entire change of the party defendant.—*Davis A. R. Co. v. Mallon,* 57 Ala. 168; *Otis v. Thorn,* 18 Ala. 395.

In the suit before us, the assertion of the complaint is, that the legal title to the claim sued on is in the "Charles Munson Belting Company, a corporation duly incorporated under the laws of Illinois, plaintiff," and the change wrought by the amendment, was to strike out this party plaintiff and insert as plaintiff in its stead, The Chicago Title & Trust Company, as assignee of the Charles Munson Belting Company. Here, then, was an entire change of party plaintiff, in striking out the original plaintiff, not averred to have any connection whatever with the new and substituted plaintiff, and making another and distinct party the plaintiff. The case is not different in principle from that of the *Western R. of Ala. v. McCall,* 89 Ala. 375, in which case, an amendment was allowed by striking out the "Atlanta & West Point Railroad and Western Railway of Alabama," a corporation under the law of the State of Georgia, in which amendment, it was proposed to change the corporate name of the defendant so as to make it, "The Western Railway of Alabama Company," an Alabama corporation, and it was held that the departure was radical,—a substitution of an Alabama corporation, having another and distinctively different name, which was not allowable under our decisions.

When the sole plaintiff was stricken out, no one was left to add to by amendment, and thus, the entire action was discharged. When all the plaintiffs are stricken,

[Huntington v. Spear.]

or the sole one is, the case is at an end.—*Stodder v. Grant, supra; Dwyer v. Kinnemore*, 31 Ala. 404.

The motion to discontinue the case, after the amendment, should have been granted.

It is unnecessary to consider other questions raised. Reversed and remanded.