(80 South. 682)

**HAYES v. SANDERS, VANN & CHALKER.**
(4 Div. 544.)

(Court of Appeals of Alabama. Nov. 26, 1918.
Rehearing Denied Dec. 17, 1918.)

1. PARTIES ☞95(7) — AMENDMENT ADDING
PARTIES—PROPRIETY—EFFECT.

Under Code 1907, § 5367, amendment under leave of court of complaint in detinue, after setting aside of nonsuit' and reinstatement of cause on docket, by adding parties defendant and count in trover, was allowable, and when allowed amendments related back to bringing of suit.

2. JUDGMENT ☞237(1)—RECOVERY AGAINST ONE DEFENDANT.

If conversion sued for was committed by defendant brought in by amendment of complaint, after bringing of original suit, judgment against him would not be authorized; but if conversion took place before bringing of suit, and defendant by amendment was guilty, recovery could be had on the amended complaint, though there was no recovery against original defendant.

3. TROVER AND CONVERSION ☞66 — QUESTION FOR JURY.

Whether conversion by defendant brought in by amendment took place before bringing of suit *held* a question for the jury.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Sanders, Vann & Chalker against Mrs. Charlie Rodgers, wherein, on plaintiff's motion, nonsuit was set aside, cause reinstated, and by leave of court the summons and complaint amended by adding Tom Hayes and Curtis Hayes as defendants, and by adding a count in trover. From judgment for plaintiff, defendant Curtis Hayes appeals. Affirmed.

Hill & Thigpen, of Dothan, for appellant. W. R. Chapman, of Dothan, for appellee.

SAMFORD, J. This action was begun by the plaintiff against Mrs. Charlie Rodgers, and originally was a suit in detinue for the recovery of some hogs claimed by the plaintiff. After the levy of the writ of detinue by the sheriff the plaintiff took a nonsuit. Subsequently, and within the time allowed by law, on motion of plaintiff, the nonsuit was set aside and the cause was reinstated on the docket, and by leave of the court the summons and complaint was amended by adding Tom Hayes and Curtis Hayes as parties defendant, and by adding a count in trover to the complaint, claiming for a conversion of the property. All of the defendants appeared without objection, and to both counts of the complaint as amended pleaded the general issue. After the evidence was all in, the court, at the request of the defendants, gave the general affirmative charge as to Mrs. Rodgers and Tom Hayes, but refused to give the general charge as requested by Curtis Hayes. The refusal of the court to give this charge is here assigned as error.

[1] Under section 5367 of the Code of 1907, the amendments were allowable, and when allowed related back to the bringing of the suit. Code 1907, § 5367; Vinegar Bend Lumber Co. v. Chicago Title & Trust Co., 131 Ala. 411, 30 South. 776.

[2, 3] But it is urged in brief of counsel that as there was no recovery against Mrs. Rodgers, the original defendant, there could be none against a party defendant brought in by amendment. It will be observed that in Burns v. Campbell, 71 Ala. 290, the authority cited by appellant in support of this proposition, this is not the rule where the act creating the liability was committed at the time of the bringing of the suit. If the conversion was committed by Curtis Hayes, the defendant, by amendment, after the bringing of the original suit, a judgment against him would not be authorized. Burns v. Campbell, supra. But, if the conversion took place before the bringing of the suit, and Curtis Hayes was guilty, then a recovery could be had against him. Jones v. Engelhardt, 78 Ala. 506; Leaird v. Moore, 27 Ala. 328. This was a question for the jury under the evidence. The question as to an entire change of parties defendant is not raised by this record, which might have been done had the parties seen fit to do so.

Upon a careful consideration of the evidence, we are of the opinion that the questions were properly submitted to the jury, and the general affirmative charge as requested by the defendant Curtis Hayes was properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes