## RICHARDSON v. FARNSWORTH.

1. Payment made to an intermediate holder of a note endorsed in blank, whose name does not appear on the note, such holder being really the owner at the time, it is good.
2. Blank left in bill of exceptions for copy of the note offered in evidence. The declaration contains but one count, and is on a note ; plea, payment.—the blank is immaterial, and the exception will be heard.
3. In plea of payment, blank left for name of person to whom paid: the plaintiff takes issue. The plea is sufficient, and defect waived.

FARNSWORTH brought an action of assumpsit in the Circuit Court of Mobile county, and declared against Richardson as maker of a note for $2,591 61, payable to one John Walker, and by said Walker endorsed to the plaintiff; alleging therein that said endorsement was made before payment of said note, and before the time fixed for payment, of which the defendant had notice, &c. To this declaration the defendant filed two pleas of payment. The first appears designed to contain the special circumstances of the payment, but was left imperfect, from having blanks left for the name of the person to whom the payment was made, and also for the amount of the payment, but it refers to the sum mentioned in the declaration, with all the interest due thereon, and avers payment before notice of the assignment of the note. The second is a general plea of payment of the amount alleged in the declaration, and all interst, &c. The plaintiff replied generally to those pleas in the usual form. And issue was joined.

The cause was tried at the January term, 1825. And a verdict found for the plaintiff.

The defendant tendered a bill of exceptions, (in which blanks are left for a copy of the note, and a copy of the endorsement thereon,) by which it appears he offered to prove that said note had been originally endorsed by Walker in blank, but in fact endorsed and delivered to

Wheeler, Gay and Gruggs, (a mercantile firm,) that the defendant had notice thereof, and that subsequent to that notice, he had paid said firm. That long after said payment, the name of Farnsworth had been inserted over said blank endorsement, for the express purpose of preventing the defendant from availing himself of said payment. That Farnsworth was only the nominal plaintiff, and had no interest in it; and that defendant had no notice of any transfer to Farnsworth, or interest in him till the commencement of the suit. All of which was rejected by the Court as illegal evidence.

The rejection of said evidence is assigned in this Court as erroneous.

HITCHCOCK, for plaintiff.

ACRE, for defendant in error.

## By JUDGE SAFFOLD.

IT is to be observed that the bill of exceptions contains blanks for the insertion of a copy of the note and the endorsement there n, from which it is contended, the exceptions tak n are not regularly before the Court. It is conceived, however, that the copies are unnecessary to be shewn in the bill of exceptions. The declaration has but one count; that is a special one, describing the note sued on, under which no other was admissible as evidence. We must therefore infer that the one given in evidence, corresponded with that described in the declaration. But supposing it to be a different note, if re eived as evidence of the debt, the proof of payment could have been no less admissible against it than any other.

The rejection of the evidence offered, is assigned for error. The statute [a] entitles the defendant, in case of assigned bonds, notes, &c. to the ".benefit of all payments, discounts, and sets off, made, had or possessed, against the same previous to notice of the assignment." Under this statute, the defendant is authorized to avail himself of any payment made to any person to whom the note has been transferred, or who is otherwise legally authorized to receive it. But it is contended on the part of the plaintiff below, that these pleas were not sufficiently special and descriptive of the time and amount of the payment, or of the person to whom it was made, to authorize the introduction of proof of payment, to a person not named in the note or declaration. With respect to the amount, the pleas refer expressly to the sum mentioned

in the declaration, with the interest due thereon. The JANUARY 1827.
first plea avers payment before the defendant had notice
of the assignment to the plaintiff. This excludes the idea Richardson<br>v.<br>Farnsworth.
of the payment having been made to the plaintiff, and fur-
nishes notice to him, that a different defence might be at-
tempted. Under the general issue, had that plea been
filed, almost every available defence would have been ad-
missible; under these pleas, the danger of surprise cannot
be greater from the evidence offered. These pleas do not
expressly aver payment to the plaintiff in the action, but
say generally, that the money has been paid. The sta-
tute secures to the maker the benefit of payments, made
previous to notice of the assignment to the plaintiff, from
which alone the defendant might anticipate the possibili-
ty of such defence. It is also to be considered, that the
plaintiff, by replying to the pleas, has thereby waived any
defect or informality in them. Judgement reversed, and
cause remanded.

The CHIEF JUSTICE not sitting.