## BRADLEY et al. *vs.* GRAVES.

[ACTION ON PROMISSORY NOTE.]

1. *Complaint; what words are mere descriptio personæ.*—Where a plain-tiff styles himself guardian of A. B., and declares on a note payable to him, in that character, but the suit is not brought for the use of the ward, the action is his individual suit, and the superadded words, "guardian of A. B.," will be regarded as mere *descriptio personæ;* and on the death of the plaintiff the suit should be revived in the name of his personal representatives.
2. *Promissory note; what constitute payment.*—In such a case, if the action is revived in the name of the ward, who has become of full age, without objection, a payment made to the deceased plaintiff, before suit brought, will be an extinguishment of the debt, and a good defence to the action, although the note may remain in the hands of the payee, after pay-ment, and, subsequently, come to the possession of the ward, before the suit is so revived in his name ; unless the note was left in the hands of the payee, for an improper and fraudulent purpose.

APPEAL from Circuit Court of Butler.
Tried before Hon. P. O. HARPER.

The complaint in this case was as follows :

"The State of Alabama, ⎰ Circuit Court,
    Butler county, ⎱    Fall term 1866.

*B. Graves, guardian minor heirs of S. Graves, plaintiff, vs.*
*G. W. Bradley, B. B. Rue, defendants.*

The plaintiff claims of the defendants the sum of four hundred dollars due by promissory note made by them on the 16th day of February, 1864, and payable on or before the 25th December next, after date, with interest thereon.

LANE & GAMBLE,<br>Plaintiff's Attorneys."

The summons was dated 28th August, 1866, and commanded the defendants to appear, &c., to answer the complaint of "B. Graves, guardian," &c.

When the cause came on for trial a minute entry of the court shows that the parties came by attorneys, "and it appearing to the satisfaction of the court that the guardian, B. Graves, is dead, and that the note on which this action is founded is now the property of John Graves, who was a minor heir of S. Graves, but is now of full age, on motion, said John Graves is made party plaintiff to this action."

No objection was made to this order of the court.

The proof tended to show that while said B. Graves held said note, which was payable to B. Graves "as guardian of the minor heirs of S. Graves, deceased," said Graves had in his hands money belonging to one Cain, more than sufficient to pay the note made by appellants ; that Bradley, one of the appellants, at Graves' request, got an order from Cain directing Bradley to pay over this money to the appellants ; that upon presentation said Graves accepted said order and agreed to consider appellant's note paid by the transfer of Cain's money in his hands, and said he would give up the note in a few days ; that just at the time the note was at home with his papers and he could not conveniently get it then. Both Graves and the appellants considered the note paid after this. There was, also, proof that some three months afterwards, when one of the appel-

lants asked Graves for the note he refused to give it up and brought suit on it.

The note was overdue when it came into the hands of the said John Graves, but it does not appear at what date Bradley made the payment aforesaid.

The court charged the jury, "that although the defendant, Bradley, might have paid the note to B. Graves, the guardian, while he held the same as guardian; yet if at the time of such payment the note was not given up to him, but was afterwards turned over to the ward, said ward would have the right to collect it, and that the ordinary rule of law in relation to defenses against transferred notes did not apply as against wards who had *bona fide* come into possession of notes in which they were beneficiaries."

The defendants excepted to this charge, and also to the refusal of the court to give the following written charge asked by them : "If Graves held the note as guardian, then as guardian he had the right to collect it. If he had a right to collect, Bradley had a right to pay. If Bradley did pay the note and did pay it to Graves while he so held it as guardian, then neither the ward nor any one else into whose hands the note might come after it had matured and had been paid, can in law compel Bradley to pay it again."

The charge given, and the refusal to give the charge asked, are now assigned as error.

HERBERT & BUELL, for appellant.
GAMBLE & POWELL, *contra.*

PECK, C. J —1. Where a writ is to answer A, guardian of B, the words "guardian of B," are mere matter of description, and the suit is the suit of A.—*Dowel v. Wardsworth,* 2 Dev. 130.

In a note the word "guardian," annexed to the name of the payee, is only descriptive of the person.—*Baker v. Ormsby,* 4 Scam. 325.

Where a plaintiff styles himself executor or administrator, and declares on a note payable to him, in that charac-

ter, but does not aver that the note is assets of the estate, the action is his individual suit, and the superadded words are mere *descriptio personæ.—Arrington v. Hair*, 19 Ala. 243; *Tate v. Shackelford, adm'r.*, 24 Ala. 510. And, in such a case, on the death of the plaintiff, the suit should be revived in the name of his personal representatives.

These authorities are sufficient to show, that this was the individual suit of the original plaintiff, B. Graves, and, on his death, should have been revived in the name of his personal representatives, and not in the name of the appellee, who, the minute entry of the court states, was one of the heirs of S. Graves, and of full age, and that the note, the foundation of the action, was his property.

By section 2446 of the Revised Code, gurdians may sue in their own names, *"for the use of the ward,"* in all cases where the ward has an interest, and the judgment enures to his benefit.—*Hutton v. Williams*, 35 Ala. 503; *Longmire v. Pilkinton*, 37 Ala. 296; but this action was not brought for the use of the wards.

We hold that the correct practice, in a case like the present, is, on the death of the plaintiff, pending the suit, to revive it in the name of his personal representatives, and, on the settlement of the guardian's accounts, by them, on proof that the note belonged to the ward's estate, to charge the deceased guardian with the sum recovered.

We have said this, that it may not be inferred, as otherwise it might be, that we recognize and approve of the course pursued in this case; but as the irregularity was not objected to, the judgment will not be disturbed on that account.

2. The only real question, arising on the bill of exceptions, is as to the legal effect of the evidence. If true, did it show the note had been paid to the original plaintiff before his death? If it did, the charge of the court is erroneous. If the evidence proves what the bill of exceptions states it tended to prove, we hold it clearly establishes the payment of the note. This the charge does not seem to deny, but it instructs the jury, "that although the defendant, Bradley, might have paid the note to B. Graves, the

Bradley et al. v. Graves.

guardian, while he held the same as guardian, yet, if at the time of such payment the note was not given up to him, but was afterwards turned over to the ward, said ward would have the right to collect it.

In this the court was certainly mistaken. The failure to deliver the note to the defendant, at the time of the payment, for the reason given by the evidence, did not, in any manner, change the legal effect of the payment, either as between the original parties, or the appellee, who, as it is shown, obtained it after the suit was commenced.

3. The charge in writing, asked by the defendants, was improperly refused; it was a correct statement of the law, and fully warranted by the evidence.

Whether the note belonged to the plaintiff, B. Graves, individually, or as guardian, the payment was properly made to him, and the payment was an extinguishment of the debt, although it continued to remain in his hands. Payment made to an intermediate holder of a note, indorsed in blank, whose name does not appear on the note, such holder being, really, the owner at the time, is a good payment.—*Richardson v. Farnworth,* 1 Stewart, 55. If the note had been left in the hands of the payee, after payment, for an improper, fraudulent purpose, the rule would be otherwise, as between the maker and a subsequent *bona fide* holder, for value; but that is not pretended in this case; the note was not given up, because it was not at hand when the payment was made.

Let the judgment be reversed and the cause remanded, at the appellee's cost.