## BECTON vs. FERGUSON.

1. In this State, the presumption arising from color indicating African descent is, that the person is a slave; but this presumption, like all others, may be rebutted by proof, and the sufficiency of such proof is, in all cases, a question for the jury.

2. The presumption of slavery arising from color may be rebutted otherwise than by proof of emancipation.

3. An assignment of a judgment is not required to be under seal.

ERROR to the Circuit Court of Dallas.
Tried before the Hon. NATHAN COOK.

This was a proceeding by garnishment in the court below, instituted by the plaintiff in error against the defendant in error, calling upon him to answer, according to the statute in such cases made and provided, what he was indebted to one Jeter.

The garnishee appeared in obedience to the summons, and answered at length, detailing various transactions with the said Jeter, but concluding by a denial of indebtedness. Thereupon, the plaintiff filed an affidavit, denying the truth

of the answer of the garnishee, and prayed that an issue be made up to try the question of indebtedness. This issue was accordingly made under the direction of the court, and a trial was had.

In the answer of the garnishee, he states, that the said Jeter "is a colored man, and keeps a blacksmith shop, and acts as a foreman; that he is under the impression that he is in fact a slave, belonging to a man by the name of Jeter, who permits him to act as foreman." The garnishee further stated, that the said Jeter had a wife, an old woman named Lydia, who lived also as a free woman, and whom he also believed to be a slave; that the woman Lydia was a midwife, and made considerable money by that business; that he made an arrangement with the said Lydia, that he would permit her to redeem a certain house and lot, which he had taken from the said Jeter to indemnify himself for liabilities assumed on his account, if she could do so; and since such an understanding with her, he had received from her upwards of three hundred dollars." This money was received by the garnishee since the service of the garnishment.

On the trial, the plaintiff offered in evidence the answer of the garnishee, and also proved that the defendant had paid a judgment recovered many years ago against the said Jeter, out of moneys received at the time of such payment from old Lydia, and that this judgment was one of the claims assumed by the defendant at the time that he had a settlement with the said Jeter, and took from him the house and lot above mentioned.

The defendant offered in evidence the deed of the said Jeter and one Norris, conveying to him the house and lot, and also the assignment of the said judgment to him when he paid it, as above mentioned. This assignment was not under seal, and the plaintiff objected to its competency for that reason. The objection was overruled, and the plaintiff excepted.

The plaintiff, for the purpose of raising the presumption that the said Jeter was a slave, proved that he was a colored man, of copper complexion, and that his wife, Lydia, was also a colored woman, of dark complexion.

The plaintiff, then, in order to rebut the presumption of slavery, proved "that the said Jeter had been, for some six-

teen or seventeen years, residing in the town of Selma, Dallas county, Ala., and during the whole of that time had been engaged in the blacksmith business, working and trading as a free man, and in all other respects holding himself out to the community as a free man; that for that length of time the witnesses had never known, or heard, that any person had visited Selma, or sent any one to Selma, to claim or demand the said Jeter as their property, nor did they know of any person's claiming him as their property. This was all the testimony conducing to show that the said Jeter was a slave, or a free man of color."

Upon this state of facts, the court charged the jury:

"That there was not sufficient evidence before them to rebut the presumption of slavery, arising from the color of the said Jeter; and that such presumption could only be rebutted by direct evidence of emancipation, by act of the legislature, or otherwise;" to which charge of the court the plaintiff excepted, and here assigns the same, with the matters excepted to in the bill of exceptions, for error.

GEO. W. GAYLE, for plaintiff in error.

LAPSLEY & HUNTER, contra.

GIBBONS, J.—We do not think the charge of the court below can be sustained. It is undoubtedly true, in this State, that the presumption arising from the color of a person indicating African descent is, that he is a slave. But this, like all other presumptions, is subject to be rebutted by proof. Whether it was sufficiently rebutted or not in the present case, was a question for the jury, and the court had no power to withdraw it from them. The *status* of Jeter was one of the facts involved in the issue which the jury had to try; and it was for them, and not for the court, to say whether he was a slave or a free man. It would have been entirely proper for the court to have said to the jury, that the legal presumption arising from the color of Jeter was, that he was a slave; but further than that he ought not to have gone. The effect of the proof offered to rebut the presumption arising from his color, was for the jury to decide.

Again; the language of the charge is, that "the presump-

tion of slavery arising from his color could only be rebutted by direct evidence of emancipation, by act of the legislature, or otherwise." This rule we consider entirely too narrow. If we rightly understand it, it only permits the presumption arising from color to be rebutted by proof of emancipation. The rule, as thus laid down, would not meet the case of a person that was born free. Such a person, under the rule, would have no means of rebutting the legal presumption of slavery. We see nothing in the present record that militates against the idea that Jeter was born free. The effect of the rule laid down was entirely to exclude from the consideration of the jury the whole of the plaintiff's evidence tending to rebut the presumption of slavery arising from the color of Jeter. This evidence we consider entirely proper on the issue, and it should have been left for the jury to give it that weight to which they thought it entitled. As above remarked, it was for them to say whether the presumption arising from color had been sufficiently rebutted or not, and to determine for themselves, on the evidence before them, what was the actual *status* of Jeter.

There was no error in permitting the assignment of the judgment, offered in evidence by the defendant, to be read, as such assignments are not required to be under seal. Brahan & Atwood v. Ragland, 3 S. 247.

For the error in the charge of the court, the judgment is reversed, and the cause remanded.