# Allgood *et al.* v. Whitley

### Action of Debt on Judgment.

1. *Admissibility of judgment as evidence.* — In an action on a judgment, brought by the plaintiff therein for the use of another person as administrator, the only issue being the ownership of the judgment by the beneficial plaintiff, the judgment itself, though in favor of the plaintiff individually, is competent evidence; and the record of his final settlement as administrator, showing that "he had the benefit of the note which was the basis of said judgment," is also competent and admissible evidence.

2. *Assignment of judgment.* — Judgments are assignable, and the assignee may show his title, though it seem to contradict the recitals of the record.

3. *Conclusiveness of judgment.* — In an action on a judgment, its validity cannot be impeached by showing that the note on which it was founded was given for a loan of Confederate treasury notes.

APPEAL from the Circuit Court of Blount.
Tried before the Hon. WM. J. HARALSON.

C. F. HAMILL & J. W. INZER, for appellants.

PETERS, J. — This is an action of debt founded on a judgment. A. F. Whitley, who sues for the use of Hannibal A. Gillespie, as the administrator *de bonis non* of the estate of Benjamin Bently, deceased, is plaintiff. The complaint is in the statutory form, and it contains all the allegations necessary to show a right to recover in the plaintiff. The defendants interposed but a single plea, which put in issue only the plaintiff's title to the claim sued on. The plea, except the title, is in these words : " And now come the said defendants, in their

own proper persons, and for answer to the complaint of plaintiff in said cause, in short, by consent, say, that the plaintiff should not have and further prosecute his said action, because they say that the judgment in said complaint mentioned and sued upon is not now, and was not when said action was commenced, and when collected will not be, assets of the estate of Benjamin L. Bentley, deceased; and said Hannibal A. Gillespie, as said administrator *de bonis non*, has not now, and never has had, any claim, interest, right, title, or property whatever in or to said judgment, or any part thereof." This plea is properly sworn to, and filed as required by the statute. Rev. Code, §§ 2639, 2640. The record does not show that any other plea was interposed save this. The parties went to trial by a jury on this plea. On the trial, the plaintiff offered in evidence the record of a judgment, which corresponded with that described in his complaint; but the bill of exceptions shows that it was admitted that this judgment was in favor of Whitley only, without being rendered for the use of Gillespie, as the administrator *de bonis non* of Bentley deceased. The defendants objected to it for this reason, and moved its exclusion; but the court overruled the objection, and the defendants excepted. There was no error in this. The record offered was competent, so far as it went, to support the allegations of the complaint. After this, the plaintiff offered other evidence to show that said Whitley had been the administrator of the estate of said Bentley, and made final settlement of his administration in 1867, in the Probate Court of Blount County, and in said settlement said Whitley "had the benefit of the note which was the basis of said judgment sued upon." This evidence was also objected to, "on the grounds that said settlement was *res inter alios acta*, and the same contradicted the said judgment upon which the plaintiff had brought this suit." The objection was overruled, and, I think, properly. The plea denied the property of the plaintiff in the claim on which the suit was brought. The evidence tended to show some foundation of a liability on the part of Whitley to the estate of Bentley, for the claim on which the judgment was founded. This, though slight, was not wholly irrelevant. It was, therefore, competent so far as it went, and it was proper to leave its effect to be determined by the jury.

2. The recitals of the record of the judgment, referred to by the witness Gibson, were not conclusive of its ownership. Judgments are assignable, and the transferee may show his title, though it seem to contradict the recitals of the record. Rev. Code, § 2836; *Becton* v. *Ferguson*, 22 Ala. 599; *Brahan & Atwood* v. *Ragland*, 3 Stewart, 247. It might be shown that the owner of the judgment had transferred it to another,

[Allgood *v.* Whitley.]

though the transferee's name did not appear in the record. The effect of the evidence was to show that the judgment was really assets of Bentley's estate. This was not improperly admitted.

3. For the purpose of impeaching the validity of the judgment on which the suit was founded, it was not competent to show that the judgment itself had been founded on a promissory note given for a loan of Confederate treasury notes. The judgment is conclusive of all defences of that kind. The court, therefore, did not err in excluding such evidence.

It is further insisted that the court below erred in the charges to the jury. The first charge declares, that the plaintiff "had the right to bring the suit upon the judgment described in the complaint, and the plea interposed by the defendants put in issue the ownership of said judgment." This was clearly correct. The right to bring a suit does not imply the right to recover. In the second charge, the jury were further instructed, that if they "believe, from the evidence, that the judgment sued upon is the property of the beneficial plaintiff, as the administrator *de bonis non* of the estate of Benjamin L. Bentley, deceased, they must find for the plaintiff; if not, they must find for the defendants." This charge is also correct. The charges asked by the defendants were abstract. There is no evidence that there was any sale of a suit pending in a court of law which, it is contended, made the transaction unlawful. This was the first charge asked. The other does not include a consideration of all the facts upon which the plaintiff's title rested. There was evidence tending to show that the promissory note, on which the judgment in favor of Whitley was rendered against the defendants, was really assets of the estate of Bentley, and that it was by the ownership of the note that the title to the judgment passed to the estate of Bentley, and not by any technical transfer or assignment. The charge was too narrow for the evidence to which it referred. The last charge was correct.

The case is not clear of difficult complications; but, upon the whole record, the appellants do not show any well defined and satisfactory defence, either upon the merits, or upon technical grounds. When such is the case, this court does not feel bound to hunt, with any unusual diligence, for grounds of reversal.

The judgment of the court below is therefore affirmed.