## FRIEND vs. OLIVER.

[ACTION UNDER CODE FOR SPECIFIC RECOVERY OF BALES OF COTTON.]

1. *Execution of power of appointment.*—A bequest by will to the separate use of a married daughter, by a widow having a life estate with a power of appointment in favor of her children, is a good execution of the power.

2. *Code (§ 2131) inapplicable to separate estates created by will.*—Section 2131 of the Code, which requires the wife to sue alone when the suit relates to her separate estate, does not apply to separate estates created by will before the adoption of the Code.

3. *When husband must sue alone for wife's separate estate.*—Where a separate estate in a married woman was created by will before the adoption of the Code, and no trustee was appointed, the legal title passed to the husband, and he alone had the right to sue for the recovery of the property.

4. *Amendment of complaint.*—When the wife improperly sues in her own name for the recovery of her separate property, the complaint cannot be amended by striking out her name and inserting that of her husband.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. EDMUND W. PETTUS.

THIS action was brought by the appellant, Mrs. Anne V. Friend, the wife of John G. Friend, against William C. Oliver, for the recovery of fifty-eight bales of cotton and three thousand pounds of seed cotton, which the defendant, as sher-

iff of said county, had taken under sundry executions against said John G. Friend. The trial was had on issues joined on the pleas of the general issue and justification under legal process.

The evidence set out in the bill of exceptions shows that the plaintiff is the daughter of Judge Henry Minor, who died in 1838, after having made and published his last will and testament in writing, which was duly admitted to probate after his death, and which contained these provisions:—

"I give all my property, real and personal, to my beloved wife, Frances T. Minor, during her life or widowhood, in order to provide as she may think best for the support of herself and our children. I give her full power to sell and convey all or any part of the property, real and personal, in order to pay my debts, support and educate our children, or provide a residence for herself at any place she may prefer to this. I authorize my wife to give and to divide among our children the property I may leave, or the proceeds thereof, in such portions as she shall think just and expedient. She will hardly marry again; if she should, it is my will, that she have a child's part of my estate, estimating the whole value of all that there may be; and I request that, before such second marriage, she will divide the remainder of the property among our children, in such way as she may think equitable, or convey the children's share to some friend, on whom she can rely, in trust for their benefit according to the provisions of this my will."

Mrs. Minor qualified as executrix of her husband, and acted as such until her death, which occurred in 1846; having never married a second time. By her last will and testament, which was duly admitted to probate after her death, she directed an equal division of her property among her children living at her death, and gave the shares to be allotted to her daughters "to their sole and separate use, free from the control of their husbands." A distribution of her estate was made in 1849, by order of the Orphans' Court, under which certain slaves, who had passed to her under her husband's will, were allotted to the plaintiff, who had intermarried with said John G. Friend during the lifetime of her father. These slaves went into the possession of the plaintiff and her husband in De-

cember, 1849, and were worked separately from her husband's slaves during the years 1850, 1851, and 1852. The cotton sued for in this action was raised, in 1853, by the joint labor of these slaves and others belonging to John G. Friend, who was shown to have been insolvent at the time.

The court charged the jury, in substance, that the plaintiff was not entitled to recover in this action, if the cotton sued for was raised by the joint labor of slaves belonging to John G. Friend and those belonging to his wife, and Friend was insolvent at the time; and to this charge the plaintiff excepted. In consequence of this charge, with other rulings of the court, the plaintiff was compelled to take a nonsuit, which she now moves to set aside.

WM. M. BROOKS, for the appellant.

WM. P. WEBB and P. HAMILTON, *contra.*

GOLDTHWAITE, J.—The plaintiff below bases her right to recover the cotton sued for, as being the product of slaves in which she had a separate estate; and this estate was created, either by the will of Henry Minor, or by the will of Mrs. Minor. In this aspect, it is entirely immaterial whether Mrs. Minor took an absolute interest under the will of her husband, or whether she took a life estate with a power of appointment in favor of the children. If she took the first, she had the right to bequeath the slaves to the separate use of the legatee; and if the last, the power was properly executed by will (Sugden on Powers, 217), and the giving to the separate use of the married daughters, was a more strict execution of the will of the donor.—Sugden on Powers, 514, 515.

The difficulty, however, in the present case, is, that the wife cannot, at the common law, sue alone, and the section of the Code (§ 2131) which authorizes her to bring the action in her own name, does not apply to a case of this character.—Gerald v. McKenzie, at the present term.

There being no trustee, the legal title passed to the husband (Gerald v. McKenzie, *supra*), and he alone would have the right to sue (Land v. Gibson, at the present term); and this being the case, the complaint could not be amended, by striking out the name of the wife, and inserting that of the husband.—Leaird v. Moore, at the present term.

As, therefore, the action was improperly brought by the wife, who had no legal right of action whatever, and could not recover under any circumstances in the present action, the errors of the court, if there was error, cannot be regarded as prejudicial to the plaintiff.

Judgment affirmed.