# Hatchett v. Hatchett et al.

## Statutory Action of Ejectment.

1. *Will; power in trustee to dispose of property among children does not exclude any child from sharing in estate.*—Where a testatrix devised to her husband, as trustee, all of her property with full power to sell, exchange, reinvest as he might prefer, and "to dispose of any or all of said property, or the proceeds from the sale thereof, as he might choose, among our children and grandchildren during his lifetime," or at his death to dispose of said property, "or what remains of the same, among our children and grandchildren by will in such proportions to each as he may choose," the husband can not exclude any child or grandchild absolutely from sharing in the estate of the testatrix; but he can, under the authority of such will, during his life time give to either of the children such proportionate share of the testatrix's estate as he might choose, and at his death devise to the other children such proportionate share of what remained, as he might choose.

2. *Same; execution of power.*—If, under the provisions of such a will, the husband, during his life, advanced to one of the children a full share in the estate of the testatrix, and at his death he devised to the other children their proportionate shares of what remained, the intention of the testatrix was thereby carried out, and the power of appointment conferred by the will fairly and legally executed.

3. *Same; when provisions of will of trustee considered in an action of ejectment.*—Where a testatrix devised to her husband, as trustee, all of her property, with full power to dispose of any or all of it, as he might choose, among their children during his lifetime, and at his death to devise what remained to their children in such proportion to each as he might choose, in an action of ejectment by one of the children of the testatrix, against his other co-heirs to recover an undivided interest in certain lands belonging to the estate of the testatrix, after showing that the husband of the testatrix left a will, which declared that it was made in the execution of the power vested in him by the will of his wife, and by which he disposed of what remained of his wife's estate among their children and grandchildren, a codicil to such will of the husband, which recites that the plaintiff "having already received his full share of the estate of my wife. * * * I hereby will that he have no part of" said estate, is admissible in evidence, and its recitals can be considered in determining whether the plaintiff was entitled to maintain his action.

4. *Illusory appointments; can not be considered in a court of law.*—Where a trustee under a will is invested with the power and discretion

[Hatchett v. Hatchett *et al.*]

to give in such proportions as he may choose, an appointment made by said trustee, however disproportionate the share may be, can not be attacked in an action at law by the appointee as being illusory; the doctrine of "illusory appointments" having no standing in a court of law.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellant, W. G. Hatchett, one of the heirs of Mary E. Hatchett, deceased, against the appellees, for an undivided one-sixth interest in certain real property of the estate of the deceased. The defendants pleaded the general issue. The contention of the plaintiff was that his father, W. T. Hatchett, the husband of Mary E. Hatchett, deceased, had not properly exercised the power of disposition vested in him by the will of Mary E. Hatchett, and that the apportionment of the property by W. T. Hatchett in his will, among the children and grandchildren, was illusory and void at law, because the plaintiff received no substantial share under the will. The facts of the case are sufficiently stated in the opinion. The appeal is prosecuted from a judgment rendered in favor of the defendants.

LOMAX PITTMAN and JAMES E. WEBB, for appellant. 1. When a power is given to distribute among the members of a class, in such proportion as the donee may choose, someting must be given to each member of the class, or the execution of the power is bad.—18 Amer. & Eng. Encyc. of Law, 973, subd. b and note 4; Perry on Trusts, (4th Ed.), § 254; Sugden on Powers, 217, 514, 515; *Lippincott v. Ridgeway*, 10 N. J. Eq. 164; *Little v. Bennett*, 5 Jones Eq. (N. C.) 156; *Wright v. Wright*, 41 N. J. Eq. 382; *Rhett v. Mason*, 18 Gratt. (Va.) 541.

2. William T. Hatchett, not having the power to make an exclusive appointment, his attempt to do so was abortive and nugatory, and had, therefore, no effect upon the legal title. The attempt to exclude any one of the class, in making the appointment, vitiated the entire exercise of the power, and rendered it void. No title passed to any one.

3. The recitals in the codicil of William T. Hatchett are not evidence against the plaintiff in this action, and can not be considered by the court or jury.—*Wood v.*

[Hatchett v. Hatchett *et al.*]

*Lake*, 62 Ala. 489 ; *Jones v. Hagler*, 95 Ala. 534 ; *McGehee v. I. & T. Nat. Bank*, 93 Ala. 195 ; 1 Devlin on Deeds, § 425.

W. A. GUNTER, *contra.*—1. The donee of the power had the general power to apportion the estate, during his life and at his death, among the children and grandchildren. An advance to one or more during the life of the trustee would not be bad because others were not advanced at that time. And if the principles of equity are satisfied by considering advances made out of the trust estate or by the person executing the power in connection with those made in the will, the appointments are not illusory even in courts of equity,—2 Sugden on Powers, 581, 586-7 ; *Bristow v. Warde*, 2 Ves. Jr. 336 ; *Smith v. Camelford*, *Ib.* 698 ; *Vanderzee v. Aclom*, 4 *Ib.* 771 ; *Long v. Long*, 5 *Ib.* 445 ; *Spencer v. Spencer*, 5 *Ib.* 362 ; *Bax v. Whitbread*, 16 *Ib.* 15.

2. The will in this case recites all the acts and formalities necessary to make the instrument a valid execution of a strict power. These recitals must have some effect, or they would not be prescribed as necessary on the due execution of the power.—Sugden on Powers, 232. "When a man, by will, executes a power vested in him by a prior instrument, it is to be assumed that he intends to execute that power legally."—*Churchill v. Churchill*, 5 Eq. Cas. L. Rep. 50 ; *Knox County v. Ninth Nat. Bank*, 147 U. S. 95.

3. The law, as regards illusory appointments before the English Statutes of 1 W. 4 c. 46, and which still applies in this State, will be found in Appendix No. 19, 2 Sugden on Powers, 581. It is purely an equitable doctrine, and gave great dissatisfaction, as is shown in the case of *Spencer v. Spencer*, 5 Ves. Jr., 362.

COLEMAN, J.—The appellant, Willian G. Hatchett, sued in ejectment to recover an undivided interest in certain real estate. The right of the parties involved in this litigation are to be determined by the construction of the will of Mary E. Hatchett, from whom the lands in controversy descended, and the execution of the power of the disposition of the property vested by the will in her husband William T. Hatchett. The will of Mary E. Hatchett, and the will, and also the codicil thereto, of

the husband, William T. Hatchett, had been regularly probated, and both were admitted in evidence. The The plaintiff was a son of Mary E. and W. T. Hatchett, and the defendants were their children and grandson. The second, third and forth clauses of the will of Mary E. Hatchett are as follows :

"Second. I will and bequeath to my beloved husband, William T. Hatchett, trustee, for the purpose hereinafter named, all of my property of every description, real and personal, including insurance on my husband's life for my benefit, hereby giving him full power and authority to sell, exchange or otherwise dispose of same, in whole or in part, either at public or private sale as he may prefer, and without requiring any order or any interference of any kind whatever by any court or any party or parties, and for cash or on a credit as he may decide ; and if he should sell the whole or any part of the property he may reinvest the proceeds at his discretion.

"Third. I will that my said husband, trusteee, shall have the full and sole control of all my property left by me, or the proceeds of the same if sold, or any property he may buy as a reinvestment, or any property for which he may exchange, and shall use the interest or income arising from said property, as he may choose, for the support of himself and for the support of our children and grandchildren during his life, and may dispose of any or all of said property or the proceeds from the sale of same as he may choose among our children and grandchildren during his lifetime, or at his death he may dispose of said property, or the proceeds of the same, or what remains of same, among our children and grandchildren by will in such proportions to each as he may choose—hereby giving him the same power and authority to divide my estate among our heirs, children and grandchildren which I myself have. Should my said husband find it necessary or choose to spend any part of the principal of my estate in addition to the income arising from same for support of himself or our children or grandchildren he is authorized to do so.

"Fourth. Should my said husband and trustee die without making a will and dividing said estate among our children and grandchildren, then I will that the same shall be divided as the laws of the State of Alabama now direct."

[Hatchett v. Hatchett *et al.*]

The will of William T. Hatchett, as originally drawn, bears date April 23, 1887, and specially declares it to be in execution of the power vested in him by the will of his wife. By the instrument of this date (April 23, 1887), all the property derived under the will of his wife Mary E. Hatchett, as well as that held in his own right, was disposed of between the children and grandchildren of himself and Mary E. Hatchett, in very near equal parts. There is a codicil to the will of William T. Hatchett, dated the 27th of February, 1890, which is as follows: "Codicil No. One. My son, William G. Hatchett, having already received his full share of the estate of my wife, Mary E. Hatchett, as well as my own, and including whatever may be received from my life insurance, and having left here, I hereby will that he shall have no part of either of said estates (my wife's or my own, or my life insurance or family portraits except his grandfather's), nor shall he act as guardian or trustee for my grandson William H. Chandler, nor as one of my executors, but all of both estates shall be equally divided between my daughters and my grandson in the manner provided for in the body of my will hereto attached. "Declared to be my last will and testament this 27th day of February, 1890.

"In presence of        [Signed]        W. T. Hatchett."
         E. B. Joseph,
         P. C. Smith."

This was substantially all the evidence in the case. The court gave the general affirmative charge for the defendants. The giving of this charge, and the refusal to instruct the jury to find for the plaintiff are assigned as error.

The testatrix, M. E. Hatchett, devised and bequeathed to William T. Hatchett, trustee, her property, with full power to use, sell, control, exchange, and re-invest, "using the interest and income therefrom as he might choose, for the support of himself and their children and grandchildren during his life." He was also fully empowered "to dispose of any or all of said property, or the proceeds from the sale thereof, as he might choose among our children and grandchildren during his lifetime," or at his death he was fully empowered to dispose of it, "or what remains of the same, among our children and grandchildren by will in such proportions

to each as he may choose, hereby giving him the same authority and power to divide my estate among our heirs, children and grandchildren which I myself have.'' It is clear, we think, that William T. Hatchett did not have the authority to exclude any child or grandchild absolutely from sharing in her estate. The power given to dispose of the property by will is ''among our children and grandchildren in such proportions as he may choose.'' The unqualified power to dispose of the property is limited to the proportions to be given to the children and grandchildren, ''in such proportions as he may choose.'' Her will nowhere provides that he may dispose of the property to such of our children and grandchildren as he may choose, but in every instance, whether the disposition is made during the life of William T. Hatchett, or by his will, it is to be disposed of ''*among* our children and grandchildren in *such proportions* as he may choose.'' The law requires that in executing a power of this character and scope, each person sharing in the benefits of its execution is entitled to receive, not of right an equal proportion with the others, but some substantial part.—*Lippincott v. Ridgeway*, 10 N. J. Eq. 164; *Wright v. Wright*, 41 N. J. Eq. 382; *Friend v. Oliver*, 27 Ala. 532; 18 Amer. & Eng. Encyc. of Law, p. 973; Perry on Trusts, § 254; 1 Story Eq. Juris., § 255; *Kemp v. Kemp*, 5 Vesey 860; *Vanderzee v. Aclom*, 4 Vesey 785.

Under and by virtue of the will of testatrix, William T. Hatchett was authorized and empowered to dispose of the property among the children and grandchildren during his life time, and ''at his death by will.'' Looking at the whole will, and the power given to her husband, we are of opinion that William T. Hatchett had authority during his life time to give to either of the children such proportionate share of her estate, either real or personal, as he might choose, and at death to others by will such proportionate share of what remained as he ''might choose.'' In other words, if he saw proper to make advancements to one or more of the children during his life time, he was not required to dispose of all the property at the same time, or at different times in the same manner to the other children and grandchildren.

We are of opinion that the intention of the testatrix

36

was carried out and the power executed, if the husband advanced to plaintiff a substantial part of the estate, during his life time, and provided for the others by will "at his death." We do not understand from brief of appellant that this proposition is controverted.

The codicil of the will of William T. Hatchett recites that "my son, William G. Hatchett, [the plaintiff] having already received his full share of the estate of my wife, Mary E. Hatchett, as well as my own,     *     *     *     I hereby will that he have no part of either of said estates." The plaintiff contends that the recital in the codicil to the effect that he had already received his full share of the estate of his mother can not be considered in the present action in ejectment. In this we think the plaintiff is in error. The will of William T. Hatchett refers to the will of Mary E. Hatchett, and purports to dispose of what remains of her estate, as provided in her will, as well as of his own estate. It is clearly his intention to execute the power vested in him by her will. As we have seen, if during his life time he had given to plaintiff, "his son, William G. Hatchett, his full share in the estate of Mary E. Hatchett," he was not required to give him another share. There is nothing in the will of Mary E. Hatchett which in the slightest manner intimates that he is to receive more than any other child or children. If it be true, as stated in the will of W. T. Hatchett, the plaintiff had received "his full share," he has no semblance of right to another share. *Prima facie*, the power of appointment had been fairly and legally executed.—1 Sugden on Powers, §§ 575, 576, 577.

If William T. Hatchett has perpetrated a fraud upon plaintiff, if in fact he had received no part of the estate of Mary E. Hatchett, and for this reason the appointment was bad in law, he should have offered some evidence to sustain this contention. The case of *Morgan v. Surman*, 1 Taunton Rep. 289, was a case in ejectment, and in some respects similar to the one under consideration, and it was held the plaintiff could not recover.

By the codicil of W. T. Hatchett, the plaintiff received the portrait of his grandfather. Upon this point the appellant invokes the doctrine of "illusory appointments," but that doctrine has no standing in a court of law. It is purely equitable. In a court of law any share, however disproportionate, is sufficient to sustain

[Sheppard & Co. v. Dowling.]

an appointment where the donee is invested with the discretion to give in such proportions as he may choose.— *Morgan v. Surman, supra*; *Kemp v. Kemp*, 5 Vesey 860; *Vanderzee v. Aclom*, 4 Vesey 785; *Bax v. Whitbread*, 16 Vesey 15.

As the will of William T. Hatchett showed upon its face that some portion of the estate had been given to plaintiff, the appointment was good in law, at least until proven to be false and fraudulent. If the appointment was merely illusory, plaintiff's remedy, if indeed he had any upon this aspect, would be in a court of equity. But see as to illusory distributions or apportionments by the trustee, section 1859, of the Code of 1886.

Affirmed.